*New-London,*<br>*July, 1845.*

In this view of the case, it is unnecessary to inquire whether, if that committee had found, that the lands of the parties adjoined, their report would have been admissible under the rule which allows reputation to be given in evidence on a question of boundary.

A new trial is not advised.

*Kinney*<br>*v.*<br>*Farnsworth.*

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

New trial not to be granted.

---

## THE NORWICH AND WORCESTER RAIL-ROAD COMPANY
### *against* STOREY and others.

A court of chancery will take cognizance of those matters only in which adequate relief cannot be had in the ordinary course of law.

The fact that the accounts between the parties are numerous and complicated, is not alone sufficient to oust a court of law of its jurisdiction.

To support a bill for a discovery, it must be shown, that the plaintiff has not sufficient evidence, without it.

A prayer for discovery in a bill, will not give a court of chancery jurisdiction, if it is sought only in aid of the relief prayed for, and the plaintiff fails to show that he is entitled to that relief in such court.

Therefore, where a rail-road company brought a bill in chancery against *B* and others, stating, that the plaintiffs had made several contracts with *B* for the construction of certain portions of their road and the structures connected with it, under which *B* had performed a large amount of labour, and received from the plaintiffs large sums of money, but finally failed to fulfil the stipulations on his part; that *B* threatened to commence suits against the plaintiffs for the recovery of the balance which he claimed to be due to him; that sundry other persons, made defendants, claiming to be creditors of *B*, had already instituted suits against him, by process of foreign attachment, serving copies upon the plaintiffs as his debtors; that *C*, one of such attaching creditors, having obtained judgment against *B*, had brought his writ of *scire-facias* against the plaintiffs, which suit was still pending; and that the accounts between the plaintiffs and *B*, and between him and the attaching creditors, were numerous and complicated; praying for a discovery from the defendants respectively, that the accounts be taken, between the plaintiffs and *B*, and between him and the other defendants, and that the defendants be restrained from proceedings at law; it was held, that no sufficient ground was shown for the interposition of a court of chancery.

THIS was a bill in chancery, stating the following case. On the 20th of *June* 1843, the plaintiffs entered into a written contract with *Miner C. Storey*, one of the defendants, for the construction of the masonry in the bank walls and bridge abutments on section No. 1. of the plaintiffs' extension rail-road, according to a specification annexed to the contract; the work to be completed before the 1st day of *October* 1843. The plaintiffs, on their part, agreed, that payments should be made, during the progress of the work, in the following manner, *viz.* at the end of every month, four fifths of the value of the work done, to be estimated by the engineer, until the whole should be accepted as completed agreeably to the contract, when the balance due should be forthwith paid. On the same 20th of *June* 1843, the plaintiffs entered into another written contract with *Storey*, by which the latter agreed to make a clear and open road-way, including all the masonry, slope-walls and bridging, (with a single exception) on the line of the extension rail-road of the plaintiffs from *Norwich* to *Allyn's Point* on the *Thames* river; and that the whole work should be completed on or before the 15th of *October* 1843: and the plaintiffs, on their part, agreed to pay *Storey* 9613 dollars, for forming section No. 2.; 7030 dollars, for forming section No. 3.; 9751 dollars, for forming section No. 4.; and 6969 dollars, for forming section No. 5.; that payments, during the progress of the work, should be made, in the following manner, *viz.* that each month, the plaintiffs should pay four fifths of the value of the work done and the materials delivered, to be estimated by the engineer, until the whole of the work should be completed and accepted, when the balance due to *Storey* should forthwith be paid to him. By another written contract between the plaintiffs and *Storey*, entered into on the same 20th of *June* 1843, the latter agreed to furnish all the timber for laying the rail-way, and to lay down a single rail-way of two tracts on the graded road-bed of the plaintiffs' extension rail-road from the city of *Norwich* to its termination at *Allyn's Point*; and that all the acts to be done under such contract, should be fully performed and completed, on or before the 1st day of *November* 1843: and the plaintiffs, on their part, agreed to pay *Storey* for performing said work at the rate of 1170 dollars per mile of said rail-way;

*New-London,*
*July,* 1845.

Norwich
and Worcester
Rail-Road
Company
*v.*
Storey.

*New-London,*
July, 1845.
———————
Norwich
and Worcester
Rail-Road
Company
*v.*
Storey.

and that payments should be made, during the progress of the work, in the following manner, *viz.* each month, the plaintiffs should pay 75 *per cent* of the value of the work done and materials delivered, to be estimated by the engineer, until the whole of the work should be completed and accepted, when the balance due to *Storey* should be forthwith paid to him. By another written contract between the plaintiffs and *Storey*, on the 3rd of *July* 1843, the latter agreed to furnish all the materials and to construct a wharf at *Allyn's Point*, agreeably to the plans of the engineer and the specifications contained in such contract ; and that the whole work should be completed on or before the 1st day of *October* 1843 : and the plaintiffs, on their part, agreed, that for the performance of this work, they would pay to *Storey* the sum of 4646 dollars ; and that during the progress of the work, payments should be made as follows, *viz.* each month, the plaintiffs should pay four fifths of the value of the work done and the materials delivered, to be estimated by the engineer, until the whole work should be completed and accepted, when the balance due to *Storey* should be forthwith paid to him.

The bill then alleged, that *Storey*, in pursuance of these contracts, performed a large amount of labour, and received from the plaintiffs, from time to time, large sums of money ; that the plaintiffs have, in all respects, complied with the provisions of said contracts ; and that *Storey* has failed to perform the labour and furnish the materials specified in said contracts, in the manner or within the time therein specified, whereby the plaintiffs have been subjected to great damage and expense ; that *Storey* threatens to commence suits against the plaintiffs for the recovery of large sums of money, which he claims to be due to him from the plaintiffs ; that sundry persons who claim to be his creditors, have already instituted suits against him, by process of foreign attachment, in which they have described the plaintiffs as his trustees &c., and have served copies of such writs on the plaintiffs, claiming that they are his debtors to a large amount ; that *John O'Halloran*, one of these persons, having obtained judgment against *Storey*, for the sum of 2200 dollars debt, and 7 dollars, 89 cents, costs of suit, brought his writ of *scire-facias* against the present plaintiffs before the county court for *New-London*

county, which is still pending therein ; in which suit *O'Hallo-* *New-London,*
July, 1845.
*ran* claims, that a large sum of money is due to *Storey,* by the
present plaintiffs, who are liable to satisfy said judgment
against him.   The bill also stated, that there were numerous
and complicated accounts between the plaintiffs and *Storey,*
and between him and the several attaching creditors ; that
the adjustment of the accounts between the plaintiffs and
*Storey,* if made by voluntary agreement, or by a judgment in
a suit at law, would not be binding upon the several attaching
creditors ; and that, in order to avoid a multiplicity of suits, to
obtain an adjustment of said accounts and adequate redress
to the plaintiffs and to the several parties, the interposition of
a court of chancery was necessary.

Norwich
and Worcester
Rail-Road
Company
*v.*
Storey.

The bill therefore prayed for a full and just account on oath
from *Storey* of all the pecuniary dealings and transactions
between him and the plaintiffs, and of the labour performed
and materials furnished by him for the plaintiffs, under said
contracts ; that *O'Halloran* and the other attaching creditors
severally set forth a full and just account on oath of all the
pecuniary dealings between them severally and *Storey,* and
of the labour done and the materials furnished by them re-
spectively for him ;  and generally, that said several parties
make full and correct answer on oath, in relation to the mat-
ters set forth in the bill, as fully as though specially interroga-
ted in relation thereto ; and that *Storey* and *O'Halloran* and
the other attaching creditors be severally restrained from
commencing or prosecuting any action or proceedings at law
in relation to the matters aforesaid.

To this bill there was a general demurrer ; and the case
was thereupon reserved for the advice of this court.

*Foste* and *Wait,* in support of the demurrer, contended,
1. That it is a cardinal principle of our jurisprudence, estab-
lished by express statute provision, and recognized by numer-
ous decisions of our courts, that a court of chancery will not
interfere, where a plain, adequate and complete remedy can
be had at law—*i. e.* in the common law courts.   *Stat.* 218.
*tit.* 29. *c.* 1. *s.* 1. (ed. 1838.)  *Sampson* v. *Hunt,* 1 *Root* 207.
*Willet* v. *Overton,* 2 *Root* 338.   *Coe* & al. v. *Turner* & ux.
5 *Conn. R.* 86.   *Stannard* v. *Whittlesey,* 9 *Conn. R.* 556.
*New-London Bank* & al. v. *Lee* & al. 11 *Conn. R.* 112.   *Ga-*

New-London,
July, 1845.

Norwich
and Worcester
Rail-Road
Company
*v.*
Storey.

ger & al. v. *Watson, Id.* 168.    *Dutton* v. *The Connecticut Bank,* 13 *Conn. R.* 498.

2. That in this case, the remedy which the law gives the several parties, is as plain and adequate, and as efficient in promoting the ends of justice, as the remedy in equity sought by the bill.    In the first place, it is free from all doubt and obscurity.    Secondly, it furnishes all the relief any party can desire.    Thirdly, it reaches the whole mischief, and secures the whole right of the party, now and for the future.

3. That this is not a case where a court of chancery would be authorized to exercise *concurrent* jurisdiction with a court of law; for no other or more efficient aid is required here to meet the difficulties of the case, and ensure full redress to all persons in interest, than a court of law can afford.    The common exercise of concurrent jurisdiction is in cases of account, accident, dower, fraud, mistake, partnership and partition; and equity jurisdiction, in cases of this sort, attaches solely on the ground of discovery.    If then a discovery cannot be obtained more effectually, in equity than at law, or is used as a mere pretence to give jurisdiction to a different forum of litigation, it would be a gross abuse for a court of chancery to entertain the suit.    *Middletown Bank* v. *Russ,* 3 *Conn. R.* 141.    1 *Sto. Eq.* 90, 91. 445.    1 *Fonb. Eq.* 11.    *Sw. Ev.* 116.

4. That where a concurrent jurisdiction is exercised by a court of equity, for the purpose of *preventing a multiplicity of suits,* it is only in cases where jurisdiction has already attached for discovery, and the discovery having been obtained, the court will further entertain the bill for relief, if the plaintiff prays for it.    2 *Sto. Eq.* 82. 88.    *Middletown Bank* v. *Russ,* 3 *Conn. R.* 141.    *Isham* v. *Gilbert, Id.* 166.    *Rathbone* v. *Warren,* 10 *Johns. R.* 587. 596.    *King* v. *Baldwin* & al. 17 *Johns. R.* 384.    *Russell* v. *Clark's* ex'rs. 7 *Cranch* 69.

5. That there are no facts within the knowledge of the parties in this suit, material to their rights, but which a court of law, in accordance with the provisions of the statute of foreign attachment, can compel the parties to disclose on their oaths. *Stat.* 287. & seq. *tit.* 37. (ed. 1838.)    To sustain this bill, would be virtually to abrogate and repeal that statute; for it would decide, that in any case where more than one suit in such a process is commenced against a debtor, his debtor can

file his bill, and draw the entire matter away from a legal tribunal into chancery.

New-London, July, 1845.

Norwich and Worcester Rail-Road Company v. Storey.

6. That in cases where questions of a legal nature may arise, that should be tried and decided by a jury, the jurisdiction belongs not to a court of chancery, but to a court of law. 1 *Sto. Eq.* 89, 90. In this case, many questions may, and probably will, arise, in the adjustment of the plaintiffs' accounts with *Storey*, where the remedy at law is more appropriate than a remedy in equity, or where the verdict of a jury is indispensable to the relief sought.

*Strong* and *Rockwell*, contra, contended, 1. That an account to be settled, complicated in its character and important in amount, is an ordinary ground of relief in a court of equity. In this case, the bill avers, that *Storey*, in pursuance of the several contracts, performed a large amount of labour, and received from the plaintiffs, from time to time, large sums of money. 1 *Sto. Eq.* 441. 438, 9. *Baher* v. *Dacie*, 6 *Ves.* 688. *Corporation of Carlisle* v. *Wilson*, 13 *Ves.* 276. 278. *Hawley* v. *Cramer*, 4 *Cowen*, 719. 727, 8. *Porter* v. *Spencer*, 2 *Johns. Ch. R.* 171. *Post* v. *Kimberly*, 9 *Johns. R.* 470. 493. 505. 1 *Madd. Ch.* 85.

2. That when a court of equity entertains jurisdiction for discovery, it will furnish relief; or if it entertains jurisdiction for a matter of relief, which is a proper subject of equity jurisdiction, it will furnish complete relief, although in other respects, there may be a remedy at law. The object of this rule is to avoid a multiplicity of suits, which, of itself, is a substantial ground of relief in a court of chancery. 1 *Sto. Eq.* 82. *Middletown Bank* v. *Russ*, 3 *Conn. R.* 135. *Rathbone* v. *Warner*, 10 *Johns. R.* 587. *King* v. *Baldwin*, 17 *Johns. R.* 384. 388. *Hepburn* & al. v. *Dunlop* & al. 1 *Wheat.* 197. *Isham* v. *Gilbert*, 3 *Conn. R.* 166. 170. *Hawley* v. *Cramer*, 4 *Cowen* 718. *Jesus College* v. *Bloome*, 3 *Atk.* 263. *Ryle* v. *Haggie*, 1 *Jac. & Walk.* 234. 237. *Barker* v. *Dacie*, 6 *Ves.* 688. *Lee* v. *Alston*, 1 *Bro. Ch. Ca.* 195. *Corporation of Carlisle*, v. *Wilson*, 13 *Ves.* 278, 9.

3. That the bill is in the nature of a bill of *interpleader*, connected with the settlement of an account, (although not strictly of that character :) and therefore, a court of chancery will en-

HARVARD LAW LIBRARY

*New-London,*
*July, 1845.*

Norwich
and Worcester
Rail-Road
Company
*v.*
Storey.

tertain jurisdiction of it.   2 *Sto. Eq.* 113. 117.   *Sto. Eq. Pl.* 327. *s.* 297.   *Bolton* v. *Williams,* 4 *Bro. Ch. Ca.* 297.

WAITE, J.   The plaintiffs, in their bill, allege, that they made several contracts with *Storey,* one of the defendants, relating to certain work, to be performed by him upon their road; that in pursuance of those contracts, he performed a large amount of labour, and received from the plaintiffs large sums of money, but finally failed to fulfil his contracts; that he threatens to commence suits against them for the recovery of large sums, which he claims to be due to him; that sundry persons, who are made defendants, claiming to be creditors of *Storey,* have already instituted suits against him, by process of foreign attachment, and have served copies upon the plaintiffs, as the debtors of *Storey;* that *O'Halloran,* one of the attaching creditors, having obtained judgment against him, has brought his writ of *scire-facias* against the plaintiffs, which suit is still pending; and that the accounts between the plaintiffs and *Storey,* and between him and the attaching creditors, are numerous and complicated.   They therefore pray for a discovery from each of the defendants; that the accounts may be taken; and that the defendants may be enjoined against the prosecution of their suits.   To this bill there is a demurrer; and the question now is, whether upon the matters set forth in the bill, the plaintiffs are entitled to the relief which they ask.

It is a provision of our statute, as well as a rule of equity, that courts of equity shall take cognizance of those matters only, in which adequate relief cannot be had in the ordinary course of law.   Have the plaintiffs then adequate remedy at law?   If so, they cannot have the interference of a court of chancery.

How stands the case between the plaintiffs and *Storey?* They have made certain contracts with him, which he has partially performed.   If the plaintiffs, for the services received, have paid him all that they are bound to pay, then they are not liable.   In case he should bring a suit against them, they have only to show these payments in their defence.

It is said, the accounts are numerous and complicated.   That circumstance alone will not be sufficient to oust a court of law of its jurisdiction.

Again, a discovery is prayed for in the bill. But it is not averred, that the plaintiffs have not other and sufficient evidence without the discovery of the defendants. Besides, such a prayer will not be sufficient to give the court jurisdiction, when it is sought in aid of the *relief* prayed for in the bill, if the plaintiff does not show, that he is entitled to that relief in a court of equity. *Middletown Bank* v. *Russ,* 3 *Conn. R.* 135.

*New-London, July, 1845.*

Norwich and Worcester Rail-Road Company *v.* Storey.

The bill states no conflict of claims among the defendants. It does not show, that one party claims the debt due from the plaintiffs by assignment, and another by attachment. The order in which the respective claims upon the plaintiffs are to be satisfied, is prescribed by law. If there is any debt due from the plaintiffs to *Storey, O'Halloran,* the first attaching creditor, is entitled to have it, or so much as may be necessary, applied in satisfaction of his judgment against *Storey.* If that proceeding absorbs the whole debt, neither the other attaching creditors, nor *Storey* himself, can recover of the plaintiffs more. But if the whole debt should not be so taken, then the other creditors become entitled to come in for the balance, in the order of their attachments.

If the plaintiffs are apprehensive that the suits now pending against *Storey,* will not be properly defended, the plaintiffs, under the provisions of our statute, have a right to appear and defend in those suits. *Stat.* 288. *tit.* 37. *s.* 2. (ed. 1838.)

Our advice, therefore, is, that the demurrer to the bill has been well taken.

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

Bill dismissed.