HARRIS B. MUNSON *vs.* JOHN D. MUNSON AND OTHERS.

Where, on a bill in equity, which does not disclose on its face any want of equity jurisdiction, an answer is filed denying the facts alleged and setting up other facts in defense, and on the issue so made the facts are found, and the bill dismissed on the ground that, on the facts so found, there appears to be adequate remedy at law, the finding of the facts is conclusive upon the parties and their privies, to the same extent that it would have been if the bill had been sustained.

And where the bill is demurrable on the ground that upon its face there appears to be adequate remedy at law, but is otherwise sufficient, and no exception is taken to the jurisdiction by demurrer or otherwise, but the facts are put in issue by the answer, the respondent will be deemed to have admitted the jurisdiction of the court to inquire into the facts, and the finding of the facts will be conclusive upon him, although the bill be afterwards dismissed on the ground that there is adequate remedy at law.

And where relief is granted when, upon the facts found, there appears to be adequate remedy at law, the decree is merely erroneous, and not a nullity.

In ejectment it is enough if the demanded premises are described in the declaration with such substantial accuracy that they can be identified by the application of the evidence to the description.

And the question properly goes to the jury whether the proof is sufficient to enable them to identify the premises proved with those described.

A deed conveyed to the grantee an undivided right in the grantor's real estate, in the following terms:—"An undivided right in my real estate in *W* and *M*, to extend over the whole of said estate, of the present value of $500: vesting the said *P* with a fee simple, in common with myself, to that amount in value." Held to be void for uncertainty as to the quantity of interest conveyed.

An ouster may be committed by a principal through an agent, as well as any other act that may be performed through an agent.

Where a mortgage was conditioned for the faithful support of the mortgagee during life, and the support was furnished by the mortgagor until the death of the mortgagee, it was held that, upon the death of the mortgagee, the title revested in the mortgagor without a reconveyance.

EJECTMENT, tried to the jury in the superior court, on the general issue, before *McCurdy, J.*

Munson *v.* Munson.

On the trial the plaintiff relied upon a title acquired by a deed from one Cornelius Munson, to whom the premises had formerly belonged, dated April 8, 1851, and introduced the deed in evidence. The defendants offered evidence to prove that the grantor, at the time of executing the deed, was under an overseer, who had been lawfully placed over him, and that he was in consequence incapable of making the deed. They also offered evidence of sundry other matters tending to impeach the plaintiff's title. The plaintiff thereupon, for the purpose of precluding the defendants from introducing such evidence, offered in evidence the record of a suit in chancery between himself and the same defendants, in the superior court in Litchfield county, in which the same matters were involved, and had been set up by the defendants in their answer, and been decided, adversely to the defendants, by a committee to whom the case was referred; and claimed that the finding of the committee was conclusive upon the present defendants in respect to the matters now proposed to be proved by them. It appeared by the record that after the report of the committee had been accepted, the case was reserved by the superior court for the advice of the supreme court upon the facts found, and that the supreme court had advised that the bill should be dismissed on the ground that the petitioner had adequate remedy at law, and that in accordance with that advice the bill was afterwards dismissed by the superior court. The case is reported in 28 Conn. Reps., 582. The defendants thereupon claimed, that by reason of the bill being dismissed, and no decree having been rendered for the petitioner on the facts found in his favor, the finding of the facts was not conclusive upon them, and the record not admissible in evidence. The court held that the record was admissible, and that the finding of the committee was conclusive, and rejected the evidence offered by the defendants upon the matters thus found.

The declaration described the demanded premises as " a tract of land lying in the town of Middlebury in New Haven county, and bounded northerly on land of the plaintiff and the boundary line between said town of Middlebury and the town of Watertown, easterly on highway and land of Noble W.

Munson, southerly on land of Noble W. Munson, and westerly on land of Almon Platt, containing about ten acres." The tract in question contained about three acres, and was a part of an entire tract of about eighteen acres, conveyed to the plaintiff by the same deed, the remainder of the tract lying on the other side of the boundary line between the towns of Middlebury and Watertown. The defendants claimed that the description of the land was false in respect to its being bounded on the north in part by the highway, the part of the whole tract which adjoined the highway being entirely on the other side of the town line ; and in respect to its being bounded on the west by land of Almon Platt, which they contended was entirely incorrect; and they requested the court to instruct the jury that the plaintiff could not recover if they should find the description to be false in these particulars. The court charged the jury, that if the land could not be identified from the description given in the declaration, the plaintiff could not recover ; but that a slight error or mistake in the description would not prevent the plaintiff from recovering, if the land was described with such substantial accuracy that its identity could not be mistaken.

Two of the defendants, John D. Munson and Cornelius R. Munson, claimed to be tenants in common with the plaintiff of the land in question, and that the plaintiff by reason of this fact could not recover against them. In support of their title they offered in evidence a deed of Cornelius Munson (the plaintiff's grantor) to one David Partree, dated May 5, 1834, (prior to the plaintiff's deed,) conveying to him an undivided right in all his real estate in the towns of Middlebury and Watertown, with a conveyance on the same day, of all the interest thus acquired, by Partree to Fanny Munson, the wife of Cornelius Munson, and a conveyance on the 13th of September, 1858, by Fanny Munson of all her interest to the two defendants above named. The plaintiff claimed that the deed to Partree was void for uncertainty. The part of the deed material to the question was as follows :—

" Know ye that I, Cornelius Munson, of Watertown, in Litchfield county, for the consideration of a valuable sum of

money, received to my full satisfaction of David Partree, of said Watertown, do give, grant, bargain, sell, and confirm unto the said David Partree, and unto his heirs and assigns forever, an undivided right in my real estate in said Watertown and Middlebury, to extend over the whole of the said estate, of the present value of five hundred dollars ; hereby vesting the said Partree with a fee simple, undivided, and in common with myself, to that amount in value. To have and to hold, &c."

It was conceded by the defendants that other lands besides that conveyed to the plaintiff were owned by Cornelius Munson in the towns of Watertown and Middlebury at the time of the conveyance to Partree, amounting in all to about one hundred and fifty acres, and no evidence was offered by them to show what was the value of the whole of these lands, nor any evidence by which it could be ascertained what part of the whole an interest of the value of $500 would be. The defendants contended that the deed conveyed some interest, and that they became by it and the subsequent conveyances tenants in common with the plaintiff to the extent of that interest, although they had not shown the precise quantity of it. The court sustained the claim of the plaintiff and instructed the jury that the deed was void.

The defendant Noble W. Munson claimed that he had nothing to do with the ouster complained of, and that he was merely cultivating a portion of the premises which he had hired of one William Penny, a tenant under John D. and Cornelius R. Munson, and requested the court to charge the jury that if this was so there could be no recovery against him. The plaintiff claimed and offered evidence to prove that he was one of the active parties in the ouster, was in actual possession of a part of the land, and had combined with the other defendants to keep the plaintiff out of possession. The court charged the jury that if Noble W. Munson was, in combination with the other defendants, guilty of an eviction of the plaintiff and a withholding of the possession from him, he was liable with the other defendants, notwithstanding his occupancy under the tenant Penny.

It appeared that on the 8th day of April, 1857, at the time when the land in question was conveyed by Cornelius Munson to the plaintiff, the plaintiff executed and delivered to the grantor a bond for his support during life, and a mortgage back of the same premises to secure the bond, the condition of the mortgage deed being that the plaintiff should fulfill the obligations of the bond and that the deed should become void upon such fulfillment. The defendants claimed to have subsequently, and before the death of Cornelius Munson, acquired the title held by Cornelius, and consequently the title that passed by the mortgage. It was admitted that Cornelius Munson died on the 6th of March, 1858, and that the plaintiff fulfilled all the obligations of the bond up to his death. There had been no reconveyance of the title conveyed by the mortgage; and the defendants claimed that the plaintiff therefore had not the legal title as against them, and requested the court so to charge the jury. The court charged the jury that as there had never been any breach of the conditions of the bond and mortgage, and as upon the death of Cornelius Munson the bond and mortgage ceased to have any legal force, no quit-claim was necessary to revest the title in the plaintiff, and that the mortgage did not stand in the way of his recovery.

The jury having returned a verdict for the plaintiff the defendants moved for a new trial for errors in the rulings and charge of the court.

*Kellogg* and *Cothren,* in support of the motion.

1. The record of the suit in chancery was improperly admitted. It could neither be pleaded nor given in evidence, as conclusive of the facts claimed to be found by the committee, for the reason that the bill was dismissed for want of jurisdiction. The petitioner had adequate remedy at law. *Munson* v. *Munson,* 28 Conn., 582, 586. No judgment was ever rendered by the superior court on the committee's report. The case was reserved without judgment for the advice of the court of errors, and by their advice the bill was dismissed. The jurisdiction of courts of equity in this state is regulated entirely by statute. The language of the statute is, that

they " shall take cognizance only of matters in which adequate relief can not be had in the ordinary course of law." Rev. Stat., tit. 12, § 1. The petitioner had adequate remedy at law, as the court of errors expressly decided. The court therefore had no jurisdiction; and no judgment, decree or finding of any court has ever been held to be a bar, unless made by a court of competent jurisdiction. 1 Greenl. Ev., §§ 529, 530. 4 Phillips' Ev., (C. & H. notes,) 120, 121. *Abbe* v. *Goodwin*, 7 Conn., 377. *Coit* v. *Tracy*, 8 id., 268, 276. *Holcomb* v. *Phelps*, 16 id., 127, 131. *Isaac* v. *Clark*, 2 Gill, 1. *Pleasants* v. *Clements*, 2 Leigh, 474, 478, 483. *Estell* v. *Taul*, 2 Yerg., 467. *Wright's Lessee* v. *Deklyne*, 1 Peters C. C. R., 199. There is not an authority in all the books, that a finding in a case afterwards dismissed for want of jurisdiction is admissible in evidence between the parties in a subsequent case. All the authorities cited by the plaintiff are based upon the foundation that they are judgments of a court of competent jurisdiction. An estoppel of this character is not favored in law. *Smith* v. *Sherwood*, 4 Conn., 281. It is too late for the plaintiff to claim now that the court had jurisdiction. This court has expressly decided that it had none, and the bill was dismissed for that reason alone. In *Niles* v. *Williams*, 24 Conn., 279, no objection was made to the sufficiency of the bill; and the court therefore held that it was too late to take the objection on the hearing. Besides, in that case, a court of equity had concurrent jurisdiction with a court of law, it being an account between partners. In *Chipman* v. *City of Hartford*, 21 Conn., 489, there was no remedy at law against the defendants. See opinion of Church, J., p. 499. But in the case in question the very point was made and decided against the plaintiff. The cases therefore where the court held that it was too late to make the objection and therefore did not entertain it, have no application. Here the objection was entertained and the court sustained it.

2. The description of the land in the plaintiff's writ is insufficient to sustain the verdict. It is conceded that only two of the boundaries are correctly described. This clearly is not

Munson *v.* Munson.

a description of even substantial accuracy, and can not be regarded as sufficiently accurate to identify the land.

3. The defendants are tenants in common with the plaintiff, (if he has any title,) by virtue of the Partree deed and the subsequent conveyances. It was not necessary in this case for the defendants to show what was the precise quantity of their interest. That could be determined in proceedings for a partition. It was enough if they had any interest whatever in common with the plaintiff. It was rather the duty of the plaintiff to show precisely what was his interest than for the defendants to show precisely what theirs was. It was enough for the defendants to show that the plaintiff was only tenant in common with them. 1 Swift Dig., 508.

4. The court erred in charging the jury that Noble W. Munson was liable in this action if he had merely combined with the other defendants for the eviction of the plaintiff. It appears by the record in the former case, which is set out in the motion, that he had no actual participation in the eviction.

5. The court erred in charging the jury that the outstanding legal title conveyed by the plaintiff's mortgage to Cornelius Munson, under whom the defendants claim title, would not preclude the plaintiff from recovering in this case. It is not like the case of an outstanding legal title in a stranger, or third party. The title conveyed by it had been acquired by the defendants. *Phelps* v. *Sage*, 2 Day, 151. *Smith* v. *Vincent*, 15 Conn., 1.

*N. J. Buel* and *H. B. Munson*, contra.

1. The finding in the suit in chancery between the same parties was properly held by the court to be conclusive upon the defendants. The sole reason urged why it is not conclusive is that the bill was ultimately dismissed on the ground that, as the petitioner had adequate remedy at law, the court had no jurisdiction. But the court had jurisdiction for the purpose of inquiring into and settling the facts. The want of jurisdiction did not appear on the face of the bill. The bill was not demurrable on the ground of want of jurisdiction. It was only upon the facts as ascertained by a committee that the

court concluded that there was adequate remedy at law. The investigation before the committee was a proper one. It could not have been treated as illegal and void. A witness who might have committed perjury before the committee could not have escaped on the ground that there was no legal court. The finding of the facts in such a case is like the verdict of a jury in cases under the English practice, where issues of fact are sometimes sent out of the court of chancery to be tried by a jury in a court of law. When the verdict is rendered and returned into the court of chancery the latter court uses it in disposing of the case, but whether the decree be for one party or the other, the facts thus found are conclusive upon the parties in any other suit. The court here clearly had jurisdiction of the general subject matter. Where it has such jurisdiction it has power to go on and inquire into the facts, and make a record of its finding ; and where the court has this power, and has found the facts, no disposition afterwards made of the case can destroy the effect of such finding. *Crandall* v. *Gallup*, 12 Conn., 372. *Gould* v. *Stanton*, 16 Conn., 20. *Holcomb* v. *Phelps*, id., 131. That effect can follow only from a dismissal of the bill on the ground that the court had no jurisdiction whatever over the subject matter. The statute requires courts of chancery to find the facts on which their decrees are based. A dismissal of a bill is only a mode of rendering judgment for the defendant, and where the dismissal is on the ground that on the facts there is adequate remedy at law, it is the duty of the court to find the facts as much as in any other case, that it may be seen upon the record whether the judgment was erroneous. " The *form* in which the adjudication was had is not so important as the *fact*." Ellsworth, J., in *Webb* v. *Rocky Hill*, 21 Conn., 474. Further, the defendants by not demurring to the bill, but by filing their answer and going to trial before the committee, admitted the jurisdiction of the court. They can not, after taking the chance of a decision in their favor on the facts, deny the jurisdiction of the court, where the case is one of equity jurisdiction in its nature, and the jurisdiction fails, if at all, only on the ground of adequate remedy at law. *Chipman* v. *City of Hartford*, 21

Conn., 499. *Niles* v. *Williams*, 24 id., 279. If the finding of the committee had been in favor of the defendants and the bill had been dismissed on that ground, they would have claimed, and very properly, that it was conclusive on the plain-tiff; but it must bind either party if it is a case where an estoppel can be created. 1 Greenl. Ev., § 22. *Bradford* v. *Bradford*, 5 Conn., 127. " It is not the recovery but the matter alleged and on which the recovery proceeds that creates the estoppel." *Outram* v. *Morewood*, 3 East, 355. *Smith* v. *Sherwood*, 4 Conn., 282.

2. The deed to Partree is absolutely void for uncertainty. It does not state what portion of the entire interest in the land passes, and furnishes no mode by which the portion can be as-certained. 1 Swift Dig., 122.

3. The question as to the participation of Noble W. Munson in the eviction was wholly one of fact, and as such was properly put to the jury.

4. The defendants could not avail themselves by way of defense of the mortgage of the plaintiff to Cornelius Munson, even if it is to be regarded as an outstanding mortgage. *Smith* v. *Vincent*, 15 Conn., 1. *Burr* v. *Spencer*, 26 id., 159. *Savage* v. *Dooley*, 28 id., 411. But it is not to be regarded as an outstanding mortgage. The condition had never been broken and upon the death of the mortgagee the title revested in the plaintiff.

BUTLER, J. It is an established rule in the administration of justice, that all controversies between parties, once litigated and fully and impartially determined, shall cease ; and to that end, that no fact involved in such litigated controversy, shown by the record to have been material to its determination, and to have been put in issue and decided, whether the proceed-ing was at law or in equity, shall again be litigated between the same parties or their privies.

In this case the parties were at issue respecting the title to the land in question. The plaintiff claimed it by virtue of a deed from Cornelius Munson, and the defendants attacked that deed ; and they also set up a title in themselves, by a

mortgage deed from the same grantor and a foreclosure, and also by a levy of an execution upon the equity. To preclude the defendants from proving the facts so set up in defense, the plaintiff offered the record of a judicial proceeding between the same parties in the superior court, in which the same facts were put in issue and decided against the defendants. The defendants did not deny the materiality or identity of the facts, or that they were put in issue in that case and decided against them ; and *prima facie* the record was admissible and conclusive. But they denied that the record was admissible or conclusive, on the ground that the court had not jurisdiction ; and their claims were overruled by the court.

It is a well settled rule of law that where there is no jurisdiction, there is, in contemplation of law, no court and no judge, and can be no decision of law or fact which can be regarded for any purpose. *Allen* v. *Gray*, 11 Conn., 96. But no such defect of jurisdiction appears in that record.

The case was a bill in equity " *quia timet*," alleging a title to the same land by deed from Cornelius Munson, an excusable withholding of the deed from record, a combination and conspiracy by the defendants to obtain from said Cornelius an apparent title which should be a cloud upon that of the plaintiff, and the obtaining of a pretended title by a mortgage recorded prior to the plaintiff's deed, and a subsequent foreclosure, and also a judgment and levy of execution, all which were fraudulent and void but a cloud on his title. A bill for such a purpose is within one of the preventive branches of equity jurisdiction, and is often entertained, and relief granted, where the facts alleged and proved are sufficient. The defendants appeared, and made no objection to the jurisdiction by plea or demurrer, but put in a special answer, denying the allegations of the bill, attacking the deed of the plaintiff, and alleging the validity of their own deed and levy, and went to trial on the merits.

The court, upon the facts found, held that the plaintiff had adequate remedy at law, and decreed that the bill should be dismissed and the defendants recover their costs.

The statute (Rev. Stat., tit. 5, § 20,) gives to the superior

courts "*jurisdiction of all suits for relief*" in equity, and provides that " they may inquire into the facts themselves, or by committee, and proceed therein to final sentence and decree, and enforce the same according to the rules of equity." This is a broad grant of general equity jurisdiction.    Another statute " for the regulation of proceedings in equity," (Rev. Stat., tit. 12, § 1,) enacts that " the several courts having jurisdiction of suits brought for relief in equity, shall have power to proceed according to the rules, usage and practice in courts of equity, and shall take cognizance only of matters in which adequate relief can not be had in the ordinary course of law."

These statutes are *in pari materia*, and the sensible construction of them is, that courts of equity may receive and hear applications for relief in any branch of equity jurisprudence, and proceed in them according to the usage and practice in courts of equity ; but they shall grant no relief, when adequate relief can be had at law.    The latter provision is simply an affirmance of a well settled rule in equity.    1 Story Eq. Jur., §§ 72, 684.    *Norwich & Worcester R. R. Co.* v. *Storey*, 17 Conn., 364.

And such has been the practical construction of these statutes by this court.    Where it has appeared on the face of the bill that full and complete relief could be had at law, the court on demurrer have dismissed the bill.    *Stannard* v. *Whittlesey*, 9 Conn., 556.    *Norwich & Worcester R. R. Co.* v. *Storey*, supra.    *Salem & Hamburgh Turnpike Co.* v. *Lyme*, 18 Conn., 451.

Where the objection has been taken later, on the hearing, or after the coming in of a report of the facts, the court have treated the objection as coming too late, and the jurisdiction as admitted, and have proceeded to grant relief or refuse it according to the circumstances and equities of the particular case.    *Chipman* v. *City of Hartford*, 21 Conn., 488.    *Niles* v. *Williams*, 24 id., 279.

And where, upon the facts found, the court below have erroneously granted relief when there was adequate remedy a law, this court on error have reversed the decrees, not as

nullities, but as erroneous. *Willet* v. *Overton*, 2 Root, 338. *Coe* v. *Turner*, 5 Conn., 86. *Barkhamsted* v. *Case*, id., 528. *Gager* v. *Watson*, 11 id., 168.

And in many of those cases, as in the one in question, the court decreed cost.

In the case tried in Litchfield county the court had juris-diction to relieve against a cloud on the plaintiff's title, obtained by fraud, or otherwise wrongfully, and could receive and hear the plaintiff's case and claim, unless the respondents demurred to the bill or otherwise objected to the jurisdiction. Instead of doing that they put the facts alleged by the plaintiff in issue, and set up other facts, and took their chance of a trial, and a decision of the facts and a decree for costs in their favor. It does not now lie in their mouths to deny the jurisdiction of the court. For all the purposes of that case the jurisdiction was admitted and must be sustained.

2. We discover no error in the second point. The contest was not with reference to boundaries but to title, and a gen-eral description was sufficient. Whether the land described in the declaration was so described that it could be identified by the application of the evidence to the description, was a question of fact, and properly left to the jury.

3. The instructions given to the jury relative to the Partree deed were correct. The deed did not purport to convey any certain proportionate interest, and provided no agreed mode by which such interest should be ascertained. It was not an executed agreement, and nothing passed by it. As an exec-utory agreement even, it was too uncertain to be enforced in chancery. *Meeker* v. *Meeker*, 16 Conn., 403.

4. The question whether Noble W. Munson was or not a party to the ouster charged, was a question of fact, and prop-erly left to the jury. " *Qui facit per alium facit per se*," is as applicable to an ouster as to a trespass or any matter which may be effected by the agency of others, and if the jury found, under the charge, the combination claimed, the acts of either were the acts of all ; and we discover nothing in the finding in chancery which negatives that combination.

5. The bond given by the plaintiff was conditioned to be

void if the obligee was supported during his life; and the mortgage given to secure the performance of the condition of the bond was also to be void, by the terms of it, if the conditions of the bond were kept. If therefore the conditions of the bond, which were personal to the obligee, were performed, he had no attachable or transferable interest during his life, and the deed became void, and all interest under it revested in the mortgagor, at the death of the mortgagee.

A mortgage deed is a legal instrument, and is adapted to convey a legal title, but it is also a conditional security, restrained in its operation at law by the condition, and in equity by the purpose intended. It is to be void if the condition is performed by the payment of the money or the performance of the duty secured in the manner and at the time specified, and upon such payment or performance it does become inoperative and void, and the title revests in the mortgagor, for it has never been fully operative to transfer the title. But it is to be of full force and virtue in the law if the money is not paid or the duty performed in the manner and at the time specified; and on such breach of the condition it does become of full force and virtue in the law as an instrument transferring a legal title, though still for the purpose of security, and defeasible in equity. And if by reason of the fact that it is a security, and of a subsequent fulfillment of the condition, the mortgagor becomes equitably entitled to have the legal title again, a reconveyance is necessary, for by the terms of the condition and its breach the legal title has vested at law with full force in the mortgagee.

Thus in *Phelps* v. *Sage*, (2 Day, 151,) to which we are referred, it was holden that after the condition of the mortgage was broken the title would not revest in the mortgagor on payment of the money; and that doctrine was affirmed in *Smith* v. *Vincent*, (15 Conn., 1.) But in the latter case it was also holden, that if the mortgage was satisfied at the day, and the condition was performed, the title would revest in the mortgagor; and the court, presuming that the mortgage was so satisfied, refused to grant a new trial in that case.

This point was also properly put to the jury, and a new trial should be denied.

In this opinion the other judges concurred.