## BOSWORTH & ALLEN *v.* FARENHOLZ.

An action to recover the possession of certain real estate. Both parties claim title under H. F., who received a conveyance from H. B. H. B. on the 18th of June, 1851, and before he conveyed to H. F., mortgaged the premises to A. Y., to secure the payment of $50. On the 22d of October, 1852, A. Y. commenced suit in the Scott District Court, to foreclose the mortgage, making H. B. and wife and H. F. parties, under a decree in which, the premises were sold and conveyed by the sheriff to W., who conveyed to A. & V., who conveyed to B. & A., the plaintiffs. On the 25th of September, 1851, H. F. mortgaged the premises to W. F., reserving the right to borrow $300, and to mortgage the same premises to secure the payment of the same, which last mortgage was to take precedence of the mortgage to W. F. On the 24th of October, 1851, H. F. mortgaged the premises to H. Y., to secure the payment of $215, which mortgage was paid and canceled on the 8th of May, 1852, at which time H. F. borrowed $250 of D. S., and conveyed the premises to C. as trustee, to secure the payment of the same, authorizing C. in default of payment, to advertise and sell the property on twenty days' notice, and convey the same to the purchaser. The money was loaned by S. to H. F. on the strength of the reservation in the mortgage to W. F. The money not being paid, C. the trustee, on the 20th of June, 1853, sold and conveyed the premises to B., who conveyed to W., the grantor of the plaintiffs. On the 19th of May, 1852, H. F. by deed, conveyed to the defendant a portion of the premises, described in the deed as follows: "forty feet of lot two, in block forty-two, in Davenport." The defendant was in possession of the mortgage from H. F. to W. F., dated September 25,

1851, but she did not show that it had been assigned to her, or that she had any interest in it.

*Held*, 1. That neither the defendant nor W. F. were in a position to object to the plaintiff's title and right to recover the premises, on the ground that neither of them were made parties to the suit brought by A. Y. to foreclose the mortgage executed by H. B.

2. That the deed from H. F. to the defendant, was void, for uncertainty in the description.

3. That the deed of trust to C. was good as a conveyance of H. F.'s interest in the premises, at the date of the deed; that the objections made to it, if tenable, could only have the effect to postpone the title acquired under it, to any that might have been acquired under the mortgage to W. F.; and that the deed of trust being older than that of defendant, the plaintiff's title under it, was superior to that of defendant.

## Appeal from the Scott District Court.

THIS was an action to recover the possession of the west half of lot 2, in block 2, in Davenport. Both parties claim title under Henry Farenholz, who received a conveyance of the premises from Henry Bliss. Bliss, on the 18th of June, 1851, before he conveyed to Henry Farenholz, mortgaged the premises to Antoine Yeager, to secure the payment of fifty dollars. On the 22d of October, 1852, Yeager commenced suit in the Scott District Court, to foreclose the mortgage, making Bliss and wife and Henry Farenholz, parties. A decree of foreclosure and sale being rendered, the premises were sold and conveyed by the sheriff to C. C. Webber, who conveyed to Arnot & Veiths, who conveyed to plaintiffs. On the 25th of September, 1851, Henry Farenholz mortgaged the premises to Wm. Farenholz, reserving the right to borrow $300, and to mortgage the same premises to secure the payment of the same, which last mortgage was to take precedence of the mortgage to Wm. Farenholz. On the 24th of October, 1851, Henry Farenholz mortgaged the premises to Henry Yeager, to secure the payment of $215; this last mortgage was paid and canceled on the 8th of May, 1852; at which date, Henry Farenholz borrowed of David Sullivan, $250, and conveyed the premises to John P. Cook, as trustee, to secure the payment of the same, authorizing Cook, in default of payment, to ad-

vertise and sell the property on twenty days' notice, and convey the same to the purchasers. It was shown by the plaintiff, that the money was loaned by Sullivan to Farenholz, "on the strength of the exception in the mortgage from Henry to Wm. Farenholz." The money not being paid according to the tenor and effect of the promissory note to Sullivan, J. P. Cook, the trustee, on the 20th day of June, 1853, sold and conveyed the premises to Barrows, who conveyed to Webber, the grantor of plaintiff.

The defendant offered in evidence, the record of the mortgage from Henry Farenholz to Wm. Farenholz, dated September 25th, 1851. There was not shown any assignment of the mortgage to defendant, nor that she had any interest in it, except the possession of the mortgage. Defendant also gave in evidence a deed of conveyance from Henry Farenholz to defendant, dated May 19th, 1852, for "forty feet of lot No. 2, in block No. 2, in Davenport." The cause was tried by the court, with leave to either party to except to the decision. The court gave judgment for the plaintiff for the possession of the premises. The defendant excepted to the decision of the court, for the following reasons:

1. Because William Farenholz was not made a party to the proceedings in foreclosure of Yeager against Bliss and others.

2. Because defendant was not made party to said proceedings.

3. Because the power reserved to Henry Farenholz in the mortgage to William Farenholz, had been exhausted by the mortgage to Henry Yeager, and no new mortgage could be given to take precedence of that given to William.

4. Because a power to mortgage, is not a power to give a deed of trust, and no deed of trust, or sale under it, would confer such a title as to enable the plaintiff to recover the possession of defendant.

5. Because the deed of trust to John P. Cook, does not refer to the power, nor does it anywhere appear, that the same was made in execution of the power named in the

mortgage from Henry to William Farenholz, and parol testimony cannot be given to prove it.

The court overruled the exceptions, and defendant appeals.

*Whitaker & Grant*, for the appellant.

*Cook & Dillon*, for the appellee.

STOCKTON, J.—It is urged by defendant, as a fatal objection to plaintiff's title and right to recover against her, that neither William Farenholz nor defendant, were made parties to the suit, brought by Yeager to foreclose the mortgage given by Bliss, June 18th, 1851. We do not see that the defendant is in a position to make this objection for William Farenholz. She does not connect herself in any manner with him, nor show any right to answer for him, except that she has in her possession the mortgage given by Henry to William Farenholz, September 25, 1851. If by the production of this mortgage, it was intended to show an outstanding title in William Farenholz, in order to defeat plaintiff's right to recover, it is well settled that such outstanding title, must be a legal title, better than the plaintiff's. In this instance, it will not be contended, that William Farenholz has any but an equitable title, if he had even that, after the proceedings in foreclosure.

We are quite as far from being satisfied, that the defendant is in any better position than William Farenholz; or that she can be permitted to object that she was not made a party to the foreclosure suit. She claims under a deed of conveyance from Henry Farenholz, which purports to convey to her forty feet of lot No. 2, in block No. 2, in Davenport. Does this give her any title to the premises in controversy? We think not. The description is fatally defective, and does not convey to her any interest. In *Worthington* v. *Hilyer*, 4 Mass. 205, PARSONS, C. J., says: "If the description in a conveyance be so uncertain, that it cannot be known what estate was intended, the conveyance

is void." See also, *Gault* v. *Woodbridge*, 4 McLean, 329 ; *Porkendorf* v. *Taylor's Lessee*, 4 Peters, 349 ; *Haven* v. *Crane*, 1 N. H. 93 ; *Ward* v. *Bartholomew*, 6 Pick. 409 ; but if this deed was sufficient, and defendant could take under it all the interest of Henry Farenholz at the date, it must be remembered that plaintiff derives title by virtue of the deed of trust to J. P. Cook, of older date than defendant's conveyance from Henry Farenholz. The objections made to the deed of trust to Cook, are altogether to the operation of the deed, as a valid execution of the power reserved in the mortgage to William Farenholz. The objections, if tenable, can only have the effect to postpone the title acquired under it, to any that might be acquired under the mortgage to William Farenholz, in which the power is reserved. It is still good as a conveyance of Henry Farenholz's interest in the premises at the date of the deed, and being of an older date than the defendant's deed, the plaintiff's title under it, is superior to that of defendant.

It is, therefore, unnecessary for us to notice the other questions raised by defendant. The plaintiff, in our judgment, has shown a valid subsisting interest in the premises in dispute, and a right to the immediate possession. The defendant is in possession without title, and her possession must yield to the superior right of plaintiffs.

Judgment affirmed.