## S. F. WHITE vs. G. W. THOMAS et al.

1. MORTGAGE FOR RENTS : *On personalty not* in esse.  *Good between the parties contracting.*

A valid mortgage, as between the contracting parties, may be executed conveying personal property not in existence, and this independently of the

4

statute of February 18, 1867, entitled "An act to encourage agriculture." That was intended to create a new lien. The fact that cotton, mortgaged, was not produced within fifteen months from the date of the contract for a lien upon it, did not hinder its becoming subject to the operation of the contract, *as between the parties to it*, when it came into being.

APPEAL from the Chancery Court of *Washington* County. Hon. E. STAFFORD, Chancellor.

The opinion of the court contains a very full statement of all the material facts in the case.

The following is assigned for error: 1. The court erred in overruling the demurrer of S. F. White.

*F. & L. B. Valliant*, for appellant:

A lien is not necessarily a mortgage, nor will the simply giving a lien create a mortgage. "A lien is not in strictness a *jus in re* or a *jus ad rem*, but it is simply a right to possess and retain property until some charge attaching to it is paid or discharged." 1 Story Eq. Jur., § 506.

A mortgage is a conveyance to be void upon payment of the debt secured by it. 4 Kent, 136, 141. If the contract sued on is a mortgage, to what extent? The bill says White gave a lien for the fulfillment of the conditions therein specified. The bill claims $450 due and $280 damages, making $730. See Petrie *v.* Wright, 6 S. & M., 720.

The statute of 1871, authorizing a mortgage on crops to be grown, expressly limits it to crops then growing or to be produced within fifteen months. The crop to be produced in 1872 could not be embraced in a mortgage bearing date in January, 1871.

*Percey & Yerger*, for appellees:

[The reporters find no brief on file for appellees.]

CAMPBELL, J., delivered the opinion of the court:

In January, 1871, appellees leased a plantation in Washington county to appellant for two years, for a yearly rental of $450, and certain work to be done by the lessee on the land; and to secure the payment of the money and the performance of the stipulations of the lessee as to the work to

be done, it was provided in said contract of lease that the lessors should have a lien upon the crops raised on the place, and upon the stock and farming implements of the lessee. This contract of lease was in writing and duly executed by lessee, and acknowledged and recorded. The lessee occupied the leased premises and failed to pay the second year's rent, and to do the work on the place he stipulated to do, and appellees exhibited their bill setting forth the above facts, and stating the amount of damage sustained by them by the failure of the lessee to do the work on the place stipulated to be done, and prayed sequestration of certain cotton and mules and agricultural implements alleged to be subject to the lien provided for in the contract of lease mentioned. It is stated in the bill that, subsequently to the recording of the lease aforesaid, the lessees gave a mortgage to Yeatman & Co. on the crops to be grown and stock of said lessees, but whether anything is due on said mortgage to Yeatman & Co. is not known to complainants. White, the lessee, alone appeared and demurred to the bill, assigning several causes of demurrer. The demurrer was overruled, and we think properly, for in a controversy between the parties to the contract of lease, which expressly stipulated for a lien on crops and mules and implements to secure rent and performance of other covenants, where the rights of third persons are not involved, it can hardly be denied that a court of chancery should enforce the lien agreed on according to the stipulation of the parties. The contract for a lien was valid between the parties to it at least, in the view of a court of equity, and should be enforced. The objection that the remedy of complainants' is at law is without merit. They had a right to invoke the aid of a chancery court to enforce their lien, and there is no difficulty in the ascertainment by the chancery court of the amount due complainants under the contracts.

The 5th ground of demurrer is that "complainants seek a foreclosure of their supposed mortgage upon a crop of cotton not produced until more than fifteen months from the

date of said supposed mortgage." As between the parties to the contract of lease, the stipulation that the crop of each year should be subject to a lien in favor of the lessor was valid and enforceable in equity, independently of the provisions of the act of 18th of February, 1867, entitled "An act for the encouragement of agriculture," and that act was not designed to render invalid any lien or mortgage which was valid before. Its purpose was to authorize the creation of liens not known before, and make them valid in all courts. The fact that the cotton was not produced within fifteen months from the date of the contract for a lien upon it, did not hinder its becoming subject to the operation of the contract as between the parties to it, when it came into being.

The objection to the bill contained in the 6th cause of demurrer—*i. e.*, that the allegations are too vague and uncertain as to the "stock and implements"—is well taken, but it goes to but a part of the bill, and the demurrer is to the whole bill; and, as this cause does not sustain the demurrer in its full extent, the demurrer was as to this properly overruled. This objection might have been successfully availed of by a separate demurrer limited to the particular part of the bill to which it applies. Story Eq. Pl., § 444. The last ground of demurrer is that "there are no persons made defendants by name, and no prayer for subpœna against any party defendant."

The bill conforms to §§ 1014, 1015 of the Code, and is sufficient. The names of certain persons, as defendants, are given after the formula prescribed by § 1014, and the bill concludes with a prayer for process and for particular and general relief.

Decree affirmed, and leave to defendant, White, to answer the bill in sixty days.