## M. L. SELDEN ET AL. v. H. T. COFFEE.

1. TAXES. *Assessment and sale. Act of 1876.*
   Section 19 of an act entitled "An act in relation to public revenue, and for other purposes," approved April 15, 1876, applies to assessments of land to be made in 1879 and subsequently, and has no reference to any assessments and sales for taxes previous thereto.

2. DEED. *Description. Ambiguity.*
   Such a description in a deed as "Bal. fractl. section 11, township 5, range 12, 522 acres," is a patent ambiguity, and void. But the description, "Fr'l N. ½ of section 14," etc., is sufficient, being equivalent to "N. ½ of fractional section 14," etc.

3. SAME. *Uncertainty in, how removed.*
   Where the description in a deed is not uncertain on its face, but is made so by averment, the uncertainty may be removed by proof *aliunde.*

APPEAL from the Chancery Court of Tunica County.

Hon. J. C. GRAY, Chancellor.

The appellants filed their bill in chancery, in which they claim to be the owners of certain lands therein described; they allege that the appellee holds a deed from the auditor of public accounts, attempting to convey some lands described as " Bal. fractl. section 11, township 5, range 12, 522 acres," and " Fr'l N. ½ section 14, township 5, range 12, 240 acres, situated in Tunica County, containing 760 acres," and that the appellee claims that by the said deed the lands of appellants, mentioned in the bill, have been conveyed to him, which claim casts a cloud

upon their title. The prayer of the bill is that the auditor's
deed to the appellee shall be delivered to the clerk of the court
and canceled, in order that the cloud upon the title to the
appellants' land may be removed.

The appellee answered the original bill, and made his answer
a cross-bill, in which he asks the court to confirm his title to
the land conveyed in the auditor's deed. A demurrer was filed
to the cross-bill, which being overruled, an appeal was taken
to this court.

*J. B. Perkins,* for the appellants.

1. In *Brown* v. *Guice,* 46 Miss. 302, the court held " a part
of section 18, in township 7, range 2 east," to be a patent ambi-
guity. Is the description in this case, " Bal. fractl. section 11,
township 5, range 12, 522 acres," any more certain? or " Fr'l
N. ½ section 14, township 5, range 12, 240," when taken in
connection with the admission in the cross-bill that section
14 is a full section, and the north half a full north half? It
is not alleged that the deed refers to anything extrinsic by
which the ambiguity could be removed, and the deed itself,
which is set out *in hæc verba* in the bill, shows that it does not.

" There can be no specific execution of a contract in respect
to land unless the parties have described and identified the
particular tract, or unless the contract furnishes the means of
identifying with certainty the land conveyed." 42 Miss. 730;
*Holmes* v. *Evans,* 48 Miss. 250; Freem. Ch. 58; White &
Tudor Ld. Cas. 589; Stark. on Ev. 1000.

Parol evidence is not admissible under the statute of frauds
to explain a deed. 8 Smed. & M. 681; *Pattin* v. *McClure,*
Mart. & Y. 333.

2. The Revenue Act of 1876, page 139, is not applicable
to this case; it is prospective in its operation, and does not
change the rule as to the admission of parol evidence. If
otherwise, it would contravene the statute of frauds. " Courts
will not construe a statute to be retroactive unless the words
admit of no other meaning, or unless such manifestly appears
to have been the intention of the Legislature." *Carson* v.

*Carson*, 40 Miss. 351; *Garrett* v. *Beaumont*, 2 Cush. 379; *Anderson* v. *Wilkinson*, 10 Smed. & M. 601; 14 Smed. & M. 127.

*J. R. Chalmers*, for the appellee.

1. "A tax-collector's deed which gives the section, township, and range of the land, but omits the county and state, is not void for uncertainty. The omission may be supplied by parol." *Hanna* v. *Renfroe*, 34 Miss. 125. A "latent ambiguity may be removed by parol evidence." *Hazlip* v. *Nowland*, 6 Smed. & M. 294; *Hanna* v. *James*, 7 Smed. & M. 111.

2. But the description of the land in this case is not void, because the Code of 1871 expressly guards against that. After enumerating the particulars in the assessment, it says : " But no failure to observe any of these requirements shall be held to vitiate any assessment, if the land or lot be so described as to be identified." Rev. Code 1871, sec. 1676. But we rely, also, upon the statute of 1876 in relation to revenue, etc., which is but a rule of evidence and judicial procedure. The Legislature may change existing rules of evidence and judicial procedure, and prescribe new ones, as to past as well as future rights of action, provided it does not deprive a party of all remedy. *Briscoe* v. *Anketell*, 28 Miss. 361; *Caruthers* v. *Hurley*, 41 Miss. 71. The evil to be remedied was the failure in the law to enforce payment of the revenues, through the defects in tax deeds which rendered them void. The Code of 1871 said they should not be void if the land could be identified. The act of 1876 went a step further, and said the identification may be made by parol evidence.

*T. W. White*, on the same side.

The description of the land is not ambiguous on its face. The description " fractional section," or " fractional half-" section, is a good description. It means a section less than 640 acres, on account of some irregularity in the lines, caused either by a river, lake, or other natural obstruction to a regu-

lar outline, or because, the section being square, it does not contain 640 acres, or because parts of its surface are taken up by a lake, or because it lies along the line where two government surveys meet. The court will take notice that this land lies in Tunica County, where lakes abound, and that its western boundary is the Mississippi River. *Kerr* v. *Kuykendall,* 44 Miss. 137. If I am correct in this, then the description "Fr'l N. ½ section 14, township 5, range 12," is a good description. Should it be said that "Bal. fractl. section 11, township 5, range 12," is ambiguous, the answer is that it is not necessarily so, because fractional sections abound along the Mississippi River, and as these are frequently washed off, so as to reduce the number of acres from the original amount, they are described as "balance fractional sections," as showing what is left of a fractional section.

But it is alleged that both of these sections, 11 and 14, are full sections, and that the parts of them belonging to complainants are called fractional because parts of them have been cut off and sold to other parties. If that is shown by the proof to be true, then the ambiguity is one which is brought to light by evidence, and evidence can be invoked to show what land it is that is thus described.

CAMPBELL, J., delivered the opinion of the court.

The 19th section of "An act in relation to public revenue, and for other purposes," approved, April 15, 1876 (Acts, 139), has no application to this case, because it is manifest that the several provisions of that act in reference to the assessment of lands have relation to the future — *i. e.*, assessments made in the year 1879, and subsequently — and do not affect the former assessments and sales for taxes.

The description in the auditor's deed to the appellee, as "Bal. fractl. section 11, township 5, range 12, 522 acres," is a patent ambiguity, and void. Its perusal suggests a doubt as to what is conveyed, and shows plainly that something

more must be added before it can be known what is. meant by it. *Bowers* v. *Andrews* et al., 52 Miss. 596.

If the description was "fractional section 11," etc., it would be good, because there are fractional sections in the public survey; but "Bal." implies that this section contains more than 522 acres, and there is patent uncertainty as to where the 522 acres conveyed are to be found.

The description "Fr'l N. $\frac{1}{2}$ of section 14," etc., is sufficient, being equivalent to "N. $\frac{1}{2}$ of fractional section 14," etc. There are fractional sections, and their subdivisions are fractional, and may be conveyed by that designation.

It is alleged that said section 14, described as "Fr'l N. $\frac{1}{2}$," is a full section of 640 acres, and that the description "Fr'l N. $\frac{1}{2}$" is uncertain. It is not uncertain on its face, as we have said, but averment makes it so. Where uncertainty arises, not on the face of the instrument, but *aliunde*, it may be removed in the same way.

The demurrer being to the whole cross-bill, which is good as to part of the subject-matter, was properly overruled. *White* v. *Thomas* et al., 52 Miss. 49.

Decree affirmed, and cause remanded for an answer to the cross-bill within forty days after mandate filed below.