SARAH R. ADAMS ET AL. v. BASIL HAYDEN ET AL.

(Case No. 1466.)

1. REGISTRATION.— A deed to land must be recorded in the county where the land is situate; and its registration in another county, under a mistake as to its true locality, is worthless as notice to a subsequent purchaser.

2. SAME.— One who claims to have acquired title to the land of another, by virtue of an adverse possession of five years under a deed recorded, must show a perfect compliance with the terms of the statute. If his deed has been recorded in another county than that in which the land is situated, no matter how clear the mistake, or from what cause it originated, the bar of the statute will not apply.

APPEAL from Wilson. Tried below before the Hon. Everett Lewis.

Trespass to try title brought by Sarah R. and C. R. Adams against Basil Hayden, L. Hayden, James W. Hayden, C. B. Palmer and G. P. Palmer, in the district court of Wilson county, for the recovery of six hundred and forty acres of land lying in that county. The defendants pleaded "not guilty," and the statutes of limitations of three, five and ten years, with a suggestion of good faith and valuable improvements. Verdict for the defendants, and judgment accordingly.

On the trial, after the plaintiffs had closed their evidence and the defendants had offered in evidence certain deeds in their chain of title, which were excluded by the court, defendants' counsel asked leave to substitute the defendants' plea of five years' statute of limitations, which he stated was contained in an amended answer which defendants had filed at some previous time, and that he supposed it to be lost.

The plaintiffs thereupon waived the making of any affidavit of its filing and loss, but objected to its substitution at that stage of the case, as the defendants had read their original answer to the jury and gone to trial upon it without making an offer to file their substitute for the amended answer. The objection was overruled, and the substitute was permitted to be filed, which was excepted to by the plaintiffs.

The defendants claimed title and relied on the five years' statute of limitations under a deed from Joseph T. Hayden to Leander Hayden and others, which deed was never recorded in Wilson county, where the land was situated, but was recorded in Atascosa county on February 15, 1869. This deed was admitted in evidence to support the five years' plea of the statute, over plaintiffs' objections that the deed was not recorded in Wilson county.

The boundary line between Wilson and Atascosa county was not defined by actual survey until 1874. On the trial oral evidence was admitted, over defendants' objections, that prior to the running of said county boundary line, taxes were paid on the land in Atascosa county; that those living on it performed jury duty in that county, and that the land was not taxed by officers of Wilson county, nor jury duty required of them in Wilson county; but that since the running of the line in 1874 by the surveyors appointed by both counties, the land has been considered to be in Wilson county. It was also testified that before that time there existed doubts as to the locality of the true line, and whether or not the land in contro-

versy was or not in Atascosa county. All of which evidence was objected to as incompetent to show that Atascosa was the proper county in which to record the deed in 1869.

The court instructed the jury that if they believed from the evidence that at the date of the registration of the deed the land was treated by Atascosa and Wilson counties as being in Atascosa county, it was properly recorded in Atascosa county, although it may have been determined afterwards that the land was, in fact, in Wilson county. 2d. That if a deed is once properly recorded in one county, a party holding under it is not bound to follow up the subdivisions of the territory, and have it again recorded in another county.

The plaintiffs asked the court to instruct the jury that the territory of Wilson county being defined by public law, no mistake as to its boundaries could make valid the record of a deed in Atascosa county to land supposed to be within its limits, which was refused.

*James M. Eckford* and *L. D. Murphy*, for appellant, cited: Hays v. H. & G. N. R. R. Co., 46 Tex., 272; State v. Essex Co., 14 Vroom (N. J.); The Reporter, vol. 13, No. 13, p. 403.

*John Ireland*, for appellee, cited: McKissick v. Colquhoun, 18 Tex., 148; Nelson v. State, 1 App., 42; Mays v. Moore, 13 Tex., 88; R. S., 1475, 1476, 1477.

WALKER, P. J. COM. APP.— Among the several grounds assigned as error, the most controlling are the third and fourth assignments, as follows, viz.:

3d. The court erred in admitting oral evidence to show that the land in controversy was understood to be in Atascosa county before the running of the lines in 1874, whilst it was in Wilson county.

4th. The court erred in instructing the jury that the record of the deed in Atascosa county would support the five years' statute of limitations, if it appeared from the evidence that the land in controversy was supposed to be in Atascosa at the date of the record of said deed in 1869.

We are of opinion that the court erred on both of these legal propositions; both of them, indeed, are involved in the single question contained in the latter, and that alone need be discussed.

Article 4623, R. S., is as follows: "He, she or they who shall have five years like peaceable possession of real estate, cultivating, using or enjoying the same and paying tax thereon, if any, and

claiming under a deed or deeds *duly* registered, shall be held to have full title, precluding all claims, but shall not bar the government."

The act "concerning conveyances" (art. 997, Pasch. Dig.), for the valid registration of deeds to land, contemplates that they shall be recorded in the county where the land lies. It has ever been, the settled policy of the state that titles to land shall be recorded in the county where the land is situated. The due and proper registration of a deed to land in this state, therefore, carries with it the idea and involves the necessity of recording it in the county where the land, or at least a part of it, is situated. The registry of it in another or different county, nor the fact that a registry so made was effected under a mistake as to the true locality of the land, will not alter the result, nor vary the rule which is exacted by the statute requiring the record to be made in that county where the land is, in fact, situated.

In the case of Perrin *v.* Reed, 35 Vt., 2, it was held that where, under the provisions of a statute requiring instruments affecting the title to land to be recorded in the town where the land was situated, though the registry elsewhere might be sufficient to charge those who had actually seen and read the record, it would not suffice to give that constructive notice for which the registry system was designed.

It has been decided, also, that where a new county had been mapped out of another, and the land was situated in the new county, but a grantee, not being advised of the change which had been legally prescribed while the negotiations for the purchase were pending, deposited his deed for record in the old county instead of the new, its registration was held to be worthless as notice to those who were uninformed of the transfer. Astor *v.* Wells, 4 Wheat., 466.

The recording of a deed in a different county from that in which the land is situated is not notice to a subsequent purchaser. Stewart *v.* McSweeney, 14 Wis., 507.

The notice intended to be given by registration laws is a conventional rule established by statute; it is artificial, and is neither limited nor extended so as to qualify its provisions by the mistakes, misapprehensions or the intentions of those whom the law requires to comply with them when a non-compliance with their requirements operates upon the rights of third persons; their failure to comply must be accepted by them as their own misfortune, from whatever cause it may result. Persons, therefore, whose rights are to be affected by notice which they are conclusively supposed to

have received, whether they know of the existence of the record or not, are thus affected, not by reason of equitable considerations, but by a legal fiction which the statute creates, and such persons are not bound by a registry which does not in all substantial respects conform to the statute. Notice by registration being purely of statutory creation, says Mr. Wade, is subject to strict construction. Wade on Notice, sec. 41. And it is said in Whitehead v. Foley, 28 Tex., 288, that a party who claims to have acquired a title to the land of another, with no other evidence of right than a possession of five years under a deed recorded, ought to show a compliance with the terms prescribed by the statute perfect in every particular.

Neither the existence of a doubt in the minds of the public and of the county officials of two adjacent counties whether a tract of land lies within the one or the other, nor a general recognition of the fact that it does lie in either one of them, can have the effect to dispense with the necessity of recording a deed to the land in that county where the land in fact is situated, in order to make available the defense of the five years' statute of limitations. The party interested in recording his deed must act at his own hazard, and in cases of doubt he may consult safety by recording his deed in two or more counties; and in any event, he will not be heard to claim title by five years' limitation on the registry of his deed in a county other than where the land lies.

If, in this connection, it were material, which under our view it is not, to consider the expediency and policy of giving a liberal construction to the law — such a construction as was given by the court below, and the correctness of which is urged by appellees' counsel,—we should be inclined to disapprove of it and to doubt the wisdom of doing so. To do so would infuse doubt, uncertainty and confusion in the application of a plain rule of property, and induce perplexing embarrassments as to rights growing out of the conjectures and opinions of people in respect to the boundary lines of counties.

In view of another trial which must ensue based upon the view we have taken of the defense of the five years' statute of limitations, it is not deemed necessary to notice any other of the errors assigned. Many of the questions presented for decision on this appeal need not occur on another trial.

We are of opinion that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted October 26, 1883.]