## MAGGIE FISHER *v.* KEUKAHI WAILEHUA and J. ALFRED MAGOON.

### APPEAL FROM DE BOLT, CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 5, 1904.          DECIDED OCTOBER 17, 1904.

#### FREAR, C.J., HARTWELL AND HATCH, JJ.

DEED—*uncertainty.*

> A deed conveying fifty acres out of a larger tract, or tracts, but not attempting to locate the parcel conveyed, takes effect as a conveyance of an undivided interest in the whole land, and is not void for uncertainty. The interest conveyed is in the proportion that the number of acres conveyed bears to the number of acres in the whole land.

## OPINION OF THE COURT BY HATCH, J.

This is an appeal in equity from the First Circuit. The plaintiff, Maggie Fisher, brought her bill in equity for partition of land and accounting against defendants Keukahi Wailehua,. alleged to be a co-owner with the plaintiff, and J. Alfred Magoon, mortgagee; the land claimed to be held in common being all the land situated at Koolaupoko, Island of Oahu, described in Grant No. 1106, less a parcel containing 101 acres. sold before the date of plaintiff's deed. The parties both claim under voluntary conveyances from Keleau, the grandmother of plaintiff and mother of defendant, Keukahi Wailehua. The deed to the.plaintiff is dated April 11, 1890, and conveys to her "fifty acres within the piece of land situated at Kailua, Koolaupoko, Oahu, as seen in the name of Kokahe, Royal Patent Number 1106. Forever conveying the fifty (50) acres with all rights. and privileges appertaining thereto to Maggie Fisher, her heirs, representatives and assigns forever." The deed under which defendants claim is dated January 19, 1892. It conveys "all that piece of land situated at Kailua, Koolaupoko, Oahu, and being the land described in Royal Patent Number 1106 in the name of Kokahe, my father, and within the piece of land which I am conveying are two hundred (200) acres, more or less, being the remainder of those pieces sold previously to this conveyance." The mortgage under which defendant Magoon claims is dated February 24, 1900, and was given to secure the sum of $750.

Royal Patent 1106 (Grant) conveys four parcels of land containing in all 303 acres. In the granting portion, however, the land is referred to as "all that tract of land," etc. A similar form of expression, in the singular number, appears in the deeds. of both plaintiff and defendant, although all the land in the Patent is affected in both cases.

It is contended by defendants that the deed to plaintiff is void. for uncertainty in that it does not locate or describe he land conveyed; and that it would be contrary to the grantor's intention

to construe the deed as a conveyance of an undivided interest in the entire tract. It is further claimed that Keleau by her deed to Keukohi actually conveyed to defendant Keukahi all of the three lots out of which plaintiff claims the conveyance to her of fifty acres; and that the deed to plaintiff attempted to convey fifty acres in the four lots, one of which had been previously .sold; that is, that it was a conveyance of fifty acres out of 303, the area of the entire land named in the patent.

There is no ground to support the latter contention. It was not necessary for plaintiff's grantor to state in her deed the number of acres remaining to her, or the number belonging to her :at the date of the deed. There is no misstatement in the deed to plaintiff. There is nothing on which to base an argument that the plaintiff's grantor at the time of making the deed to her was ignorant of the fact of the former conveyance, or had forgotten it, or made the deed of plaintiff under a mistake of fact. There was no occasion whatever for plaintiff's grantor to mention previous conveyances. No inference therefore hostile to plaintiff's .deed can be drawn from such silence. No matter how many prior conveyances plaintiff's grantor might have made, the deed to plaintiff would operate against the land remaining at the time .of its execution. It is also immaterial whether the grantor knew that her deed would operate as the conveyance of an undivided interest. We have to seek the grantor's intention only as it appears in the deed itself. The fact that grantor subsequently ·in her deed to defendant Keukahi ignored the existence of the deed to plaintiff, and recited the area as it would have been if the deed to plaintiff had never been made, can have no bearing in the case. Extraneous facts can not be imported into plaintiff's deed to affect its certainty. The question of certainty must be determined from what is found in the deed itself.

Upon the main contention that the deed to plaintiff is void for uncertainty we are of opinion that it is not void, but that it ·operates as a conveyance of an undivided interest in the land held by the grantor at its date. The law is well settled that a deed ·conveying a part of a larger tract, but not locating the part con-

veyed, should be so construed. In Devlin on Deeds, Sec. 1019,. the rule is laid down as follows: "Where a deed is executed of a given quantity of land, parcel of a larger tract, but the deed fails to locate the quantity so conveyed by a sufficient description, the grantee, on delivery of the deed, becomes interested in all the lands embraced in the larger area as tenant in common with his grantor; and as such tenant the grantee can claim a partition under proceedings instituted for that purpose, or alternatively, a partition may be made by amicable agreement between the parties."

This statement of the law by Devlin is quoted literally from *Schenck v. Evoy,* 24 Cal. 104, and is fully supported by the following cases: *Lawrence v. Ballou,* 37 Cal. 518; *Wallace v. Miller,* 52 Cal. 655; *Great Falls Co. v. Worcester,* 15 N. H. 412; *Jackson v. Livingston,* 7 Wend. 136; *Dahoney v. Womack,* 20 S. W. 950; *Lennartz v. McCulloch,* 27 S. W. 279. The defendants cite some cases to the contrary. *Loflin v. Herrington et al.,* 16 Ill. 303, and the other cases from Illinois support defendants' contention, as does *Bosworth v. Allen,* 3 Iowa 84. *Plenney v. Ferrill,* 55 Miss. 41, 11 So. 6, holds a deed for one-half of a given tract void because it did not specify which half. This is an extreme case and goes too far to be persuasive. It appears to be opposed to the great weight of authority. The same comment may be made upon *Mutual Building & Loan Assn. v. Wyeth,* 17 So. 45, an Alabama case. Here it was held that a deed of two-thirds of a tract of land was void because it did not specify which two-thirds. The remaining cases cited by defendants do not appear to be in point.

In *Adams v. Edgerton,* 35 Ark. 470, the description called for three-fourths of the *south part* of the N. W. quarter of Sec. 30, etc. The attempt to locate the grant in the south part of the main tract was nugatory. It brings the case within he rule laid down by Devlin. In *Munson v. Munson,* 30 Conn. 425, the attempt was to set off $500. worth of land. In *Meeker v. Meeker,* 16 Conn. 403, also, the description was made to depend in part on value. In *Shoemaker v. McGonigle,* 86 Ind. 421, the

description was *"the southeast part* of the southwest fourth," etc., containing thirty-two acres. This puts this case on the same footing as *Adams v. Edgerton.* In *Huntress v. Portwood,* 42 S. E. 513, the deed failed from an attempted location which was not sufficiently specific to identify the land.

Thus the great weight of authority supports the statement of law made by Devlin. We hold accordingly that the deed to plaintiff takes effect by giving to plaintiff an undivided interest in all the land in Royal Patent 1106 owned by Keleau, plaintiff's grantor, at the date of her deed to plaintiff, to wit.: in the proportion that fifty acres bears to two hundred and two acres. Having arrived at the conclusion that plaintiff has an undivided interest in the land in question, there is no difficulty in holding that the undivided interest extends to all the different parcels comprising the land in Royal Patent 1106 remaining at the time of plaintiff's deed. No attempt having been made to locate the fifty acres in plaintiff's deed, we fail to see that any additional element of uncertainty is introduced from the fact that the land in the grant in question comprises different parcels.

The appeal is dismissed and the case remanded to the Circuit Judge for the First Circuit for further proceedings in accordance with the opinion. Plaintiff is allowed costs.

*E. M. Watson* for plaintiff.

*J. Alfred Magoon, J. Lightfoot* for defendant J. Alfred Magoon.