## SLAUGHTER v. HIGHT et al.   (No. 1300.)

(Court of Civil Appeals of Texas. El Paso. March 16, 1922. Rehearing Denied April 20, 1922.)

1. **Adverse possession** ⬤➡80(2) — **Description in deed held sufficient.**

Where the description in a deed, aided by parol evidence and the recorded field notes of the surveyor, was sufficient to locate the land, it will support a claim of limitation.

2. **Boundaries** ⬤➡36(5)—**Survey by surveyor of another district held admissible.**

To supplement the description in a deed offered to support limitation, the recorded survey and field notes made by a surveyor of another district are admissible, especially where the work was approved and sale made under it by the land commissioner.

3. **Adverse possession** ⬤➡82—**Deed must be recorded in county in which land is situated.**

A deed recorded in another county is not a sufficient compliance with Vernon's Sayles' Ann. Civ. St. 1914, arts. 5674, 6827, providing that, to support five-year limitations, the deed under which the land is claimed shall be recorded in the county where the land is situated.

4. **Adverse possession** ⬤➡115(5) — **Whether land was in county in which deed was recorded held a question for the jury.**

Where there was doubt in which of two counties certain land was situated, it was a question for the jury whether the land was in the county of registration of the deed under which a claim of limitation was made.

5. **Adverse possession** ⬤➡82—**Part of survey in county of registration of deed held sufficient.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5674, 6827, providing for the registration of land to support .limitations, it is sufficient to support a finding for the entire survey, if a portion of it is in the county of registration.

6. **Adverse possession** ⬤➡82—**Tax receipts of county of registration of deed held admissible.**

Where a claim of limitations was made, tax receipts are admissible, if any part of the land was in the county in which deed was recorded and taxes paid.

7. **Adverse possession** ⬤➡73—**Invalid grant by state may be sufficient muniment for limitation of title.**

Where the land is not vacant, a grant by the state passes no title, but it may be a suf-

ficient muniment on which to base a limitation title.

**8. Adverse possession ☞27 — Invalid grant held no evidence of occupation.**

An invalid grant by the state is not evidence of occupancy in support of a limitation title.

Appeal from District Court, Scurry County; W. P. Leslie, Judge.

Action by John B. Slaughter against A. F. Hight, T. L. Hight, and others. From a judgment for defendants A. F. Hight and T. L. Hight, plaintiff appeals. Reversed and remanded.

Beall, Beall & Beall, of Sweetwater, for appellant.

J. E. Vickers, of Lubbock, and W. F. Schenck, of Graham, and T. G. Patteson, of Gail, for appellees.

HARPER, C. J. Appellant filed this suit January 27, 1916, against N. W., T. L., and A. F. Hight, W. E. Gooden, and H. E. Tuckness, in trespass to try title to all of sections 3, 4, and 5, B. & B. surveys, and the R. M. Thompson surveys 1 and 2. The petition alleged that these surveys were situated in the north part of Borden county, or the south part of Garza county, Tex.

Defendants' answers contain pleas of not guilty, and one, three, five, and ten years' limitations, in that they were claiming under deed duly recorded from Sam L. Chalk, to whom the lands were sold by the state as unsurveyed school lands. They describe the lands as:

"First tract being situated in Borden county, Texas, about 14 miles north from the county site, and known as survey No. 1, in block ———, beginning at the northeast corner of Sur. No. 12, Blk. 32, T. M. & T. P. Ry. Co.; thence south 77 degrees west 1,900 varas to the northwest corner of said No. 12," finishing with metes and bounds to beginning.

"Second tract, situated in Borden county, Texas, about 14 miles north from county site, and known as survey No. 2, in block ———, beginning at the N. E. cor. of Sur. No. 1," and finishing with metes and bounds around to beginning

—and then disclaim as to any lands in plaintiff's petition, except survey No. 1, abstract 1288, and survey No. 2, abstract No. 1289, Sam L. Chalk, grantee, and the lands included therein.

The cause was submitted to a jury by special issues, and upon the verdict judgment was rendered for defendants A. F. and T. L. Hight, and in favor of plaintiff against N. W. Hight, W. E. Gooden, and H. E. Tuckness, from which judgment Slaughter appeals.

The first assignment is:

"The court erred in admitting in evidence the deed from Sam L. Chalk and wife to N. W. Hight, purporting to convey the lands in controversy, because it is insufficient to support limitation, in that it does not sufficiently describe the lands so they could be located or identified, same containing only survey number, without giving any block number, abstract number, or certificate number, or school file number, and there was nothing of record in Borden or Garza counties in way of application to purchase, field notes, or any other description whatever of such lands; same having been recently illegally located and surveyed. Their numbers were new and not of record in Borden county."

The jury found that there was no vacant land upon which to file and locate this survey as unsurveyed school land, but found in favor of five years' occupancy and limitation; so the only question for our determination is: Does the fact support this latter finding?

[1] The deed objected to and relied upon to support the claim of five years' limitation contains the following descriptions:

"643 acres, known as survey No. 1, block No. 1, original grantee, Sam L. Chalk, purchased by Sam L. Chalk as public free school land the 14th day of February, 1902. Also 640 acres, known as survey No. 2, block 1, original grantee, Sam L. Chalk, purchased by Sam L. Chalk as public free school land the 1st day of May, 1902."

The evidence in this record shows that, aided by parol evidence and the field notes of the surveyor, recorded in the general land office and also in the district surveyor's field note record, etc., the land is susceptible of location; therefore the description is sufficient. Noland v. Weems (Tex. Civ. App.) 141 S. W. 1031.

[2] The third assignment charges that it was error to admit in evidence the application of Chalk for a survey, as well as the survey and field notes thereof made by Hurley, deputy surveyor of Howard land district; no legal authority being shown in Hurley for making such survey in Garza county, such county not being attached to or a part of said land district. The exact location of the line between Garza county on the north and Borden to the south, from this record, is uncertain and has always been. The record shows that the lands involved have been abstracted by the land commissioner in both counties at different times. The question of the location of this boundary line is an important one, as will be seen hereinafter; but we fail to see that the fact that the surveyor who made these surveys was out of his district could be a reason for excluding this evidence, and especially so since the work was approved and the sale made under it by the land commissioner.

[3, 4] By the fourth assignment it is urged

that the court erred in submitting the question of five years' limitation, for the reason that the deed relied on was only recorded in Borden county, and that there is evidence that the lands are wholly in Garza county, except a portion of Thompson No. 2, which is same as Chalk No. 1, and by the fifth it is contended that the court should have submitted the question to the jury, as he was requested to do, by special issue duly presented and refused. The propositions seem to be well taken. Article 5674, Rev. Stat. V. S., provides that deeds under which lands are claimed, in order to support five years' limitations, shall be duly registered. Rev. Stat. art. 6827, V. S., provides that, to be duly registered and be notice of adverse claims, it "shall be recorded in the county where such real estate, or a part thereof, is situated." In the case of Jones v. Powers et al., 65 Tex. 207, it is held: ·

"When county lines have never been established, the person recording a deed must ascertain, at his peril, in what county the land thereby conveyed is situated." Adams v. Hayden, 60 Tex. 223.

[5] The evidence leaves it in doubt whether the lands are in Borden county, where the deed was recorded; so the question should have been submitted as requested. If a portion of a survey is in the county of registration, it will support a finding for the whole of that survey.

· [6] The second assignment charges error in admitting copies of tax receipts and rolls from Borden county, to show payment of taxes on the lands. The reasons assigned are that the deed under which appellees claim is insufficient, and same was not recorded in Garza county, where the lands were situated. The deed is sufficient, and the evidence of payment of taxes was admissible as to any survey or part thereof lying in the county of the deeds record and tax payment. Brown v. Lazarus et al., 5 Tex. Civ. App. 81, 25 S. W. 71.

As to the third assignment, considered in the light of Magee v. Paul (Tex. Civ. App.) 224 S. W. 1118, and 110 Tex. 470, 221 S. W. 254, the latter holds that the duplicate certificate was admissible as an ancient muniment of title does not decide the question as to whether the proof of three years' occupancy of Chalk and his witnesses thereto was admissible in evidence under the facts of this record.

[7, 8] It could in no event be proper evidence of occupancy to support the plea of five years' limitations. The record before us clearly shows that there was no vacant land upon which to file; therefore no title could have been granted by the state, but the state's grant might be a muniment of title, sufficient to be the basis of a three or five

year limitation title, but not evidence of occupancy in support of limitation title. Since appellant did not request the court to limit the effect of the evidence, it presents no reversible error; but this holding is made in view of another trial. Payne v. Ellwood (Tex. Civ. App.) 163 S. W. 93.

Other assignments are predicated upon the theory that the proof will not support five years' occupancy. Since the case must be reversed, because of the failure to submit the issue of, Were the lands situated in the county where appellees' deed is recorded? we overrule such other assignments, without comment, for the reason that the evidence may not be the same upon another trial.

Reversed and remanded.