HOWARD O. REDFEARN *v.* KUHIA, OR HIS HEIRS; D. L. KELIIKULI, ALSO KNOWN AS T. L. KELIIKULI, OR HIS HEIRS; KAANAANA (k), ALSO KNOWN AS KAANA-ANA KELIIKULI, OR HIS HEIRS; KELIIKULI (2), OR HIS HEIRS; JULIA HULU KELIIKULI, OR HER HEIRS; D. L. KELIIKULI, JR., OR HIS HEIRS; S. K. KAANAANA, ALSO KNOWN AS S. K. KAANAANA KELIIKULI, OR HIS HEIRS; WILLIAM C. ACHI, JR., OR HIS HEIRS; REBECCA K. ACHI, OR HER HEIRS; ADOLPH BODE, OR HIS HEIRS; MARY KAPAWAI BODE, OR HER HEIRS; TRUSTEE OF SUZIE F. CARTWRIGHT, OR HIS SUCCESSOR; CARL ONTAI, OR HIS HEIRS; STATE OF HAWAII, BY AND THROUGH ITS ATTORNEY GENERAL, SHIRO KASHIWA, ESQ.; COUNTY OF HAWAII, BY AND THROUGH ITS COUNTY CHAIRMAN, THE HONORABLE THOMAS K. COOK, AND THE FOLLOWING ADJOINING LANDOWNERS AND/OR OCCUPANTS: ESTATE OF LILY J. KUAHIWINUI, DECEASED; MRS. D. L. KELIIKULI; SARAH KUAHAWIA; CLEMENT KELIIKULI; ESTATE OF LUI KELIIKULI, DEC.; MITCHELL KELIIKULI; JOHN KELIIKULI; ERNEST KELIIKULI; YEE HOP, LTD.; MARGARET S. GRACE; AND ALSO ALL OTHER PERSONS UNKNOWN CLAIMING ANY RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE REAL PROPERTY DESCRIBED IN PLAINTIFF'S COMPLAINT ADVERSE TO PLAINTIFF'S OWNERSHIP IN SAID REAL PROPERTY AT THE TIMES SET FORTH IN THE COMPLAINT HEREIN, AND TO ALL WHOM IT MAY CONCERN.

No. 4533.

September 14, 1967.

RICHARDSON, C.J., MIZUHA, MARUMOTO, ABE AND LEVINSON, JJ.

OPINION OF THE COURT BY MIZUHA, J.

On February 16, 1962, plaintiff-appellant Howard O. Redfearn filed an action to quiet title to approximately 350 acres of land located in South Kona, Hawaii. In paragraph III of his complaint, plaintiff alleged that he is the sole owner "in fee simple absolute" of the lands in question by two deeds, one from Adolph Bode and Mary Kapawai Bode, dated August 27, 1945; and the other from William C. Achi, Jr., and Rebecca K. Achi, dated January 9, 1946. In paragraph V, plaintiff alleged that he and "his predecessors in interest were in open, notorious, actual, exclusive and adverse possession" of the lands in question "continuously for more than ten (10) years prior" to the filing of his complaint, "claiming to own the same in fee simple against the whole world."

Defendant-appellee Yee Hop, Ltd., denied the allegations of ownership alleged in paragraph III and V of the complaint.

At the conclusion of plaintiff's case, defendant moved to dismiss the complaint upon the ground that plaintiff "had failed to prove his case in that the evidence failed to show actual adverse possession of all the lands claimed in the complaint" and that the muniments of title of appellant were insufficient in their descriptions to support a claim for constructive adverse possession.

The trial court reserved its ruling. At the conclusion of the trial, defendant renewed its motion to dismiss.

Six months later, the trial court ruled:

"The Court, having considered plaintiff's evidence and the memorandum of points and authorities and arguments of counsel submitted in writing, does hereby state its findings of fact and conclusion of law as follows:

"1. The instruments under which plaintiff makes his claim of ownership under color of title to the portion of a tract of land by adverse possession do not describe the property with sufficient certainty to ascertain the boundaries thereof.

"2. The failure in the instruments to describe the property with sufficient certainty to ascertain the boundaries cannot be remedied by proof of evidence extrinsic to the instruments giving color of title.

"Defendant's motion to dismiss the complaint is, therefore, sustained and granted."

Plaintiff appeals from the judgment. We reverse.

First: There is no finding as to whether the deeds from Bode and Achi alleged in paragraph III and other deeds of predecessors in interest in evidence support plaintiff's claim to fee simple ownership. Rule 41(b), H.R.C.P. See *Fisher* v. *Wailehua*, 16 Haw. 154.

Second: There is no finding as to whether plaintiff did establish actual adverse possession to any portion of the lands in question. Rule 41(b), H.R.C.P.

Third: There is no question that the two deeds under which plaintiff claimed ownership in fee simple also gave plaintiff color of title to support his claim for constructive adverse possession. The trial court after finding that these deeds did not describe the property with sufficient certainty to ascertain the boundaries thereof, erroneously concluded that this failure cannot be remedied by proof of evidence extrinsic to the instrument.

Both plaintiff and defendant cite as the general rule:

"It is not required that a deed contain such a description that the land can be identified without reference to other records in order to support adverse possession. Should the facts warrant it, the court will permit extrinsic evidence, parol or other, in aid of the description, provided the description given is susceptible of being made definite by such evidence, but not otherwise." 3 Am. Jur. 2d, *Adverse Possession*, § 108, p. 193 (Appellant's opening brief, p. 10, Appellee's Answering Brief, p. 5).

In *Smith* v. *Shattuck*, 12 Ore. 362, 365-6, 7 P. 335, 336, defendant held title pursuant to a tax deed which purported to convey " 'Thirty-seven and one-half acres of land in section 11, T. 1 S., R. 1 E., known as "Smith's farm," in Multnomah county,

State of Oregon.'" Defendant also contended that he adversely possessed the land for more than 10 years. Extrinsic evidence, in the form of testimony by witnesses who were familiar with the area in question, was admitted to identify the land described in the tax deed as "Smith's farm."

In *Harrill* v. *Pitts*, 194 La. 123, 134, 193 So. 562, 565, it was held "that the description in a deed will be sustained whenever the instrument affords any description by which the property can be identified, either through the description in the deed itself or by means of extrinsic, competent evidence, * * * " See *Willis* v. *Ruddock Cypress Co.*, 108 La. 255, 32 So. 386; *Tircuit* v. *Burton-Swartz Cypress Co.*, 162 La. 319, 110 So. 489; *Leader Realty Co.* v. *Taylor*, 147 La. 256, 84 So. 648; *Snelling* v. *Adair*, 196 La. 624, 199 So. 782; *Bruce* v. *Cheramie*, 231 La. 881, 93 So. 2d 202.

Similarly, in a Texas case, where a plaintiff brought an action in trespass to try title, and the defendant relied upon a claim of five years' limitation, and the defendant's deed was alleged to be deficient in description, the court allowed parol evidence and the field notes of a surveyor into evidence, and found the description to be sufficient. *Slaughter* v. *Hight*, 239 S.W. 1018. See *Tarlton* v. *Kirkpatrick*, 21 S.W. 405. "If the description is uncertain, but is such as to enable the surveyor in search, and inquiry of facts, to ascertain and locate the land, this is full answer to the charge of uncertainty." *Dorlan* v. *Westervitch*, 140 Ala. 283, 295, 37 So. 382, 385. See *Brannan* v. *Henry*, 142 Ala. 698, 39 So. 92.

In *Hughes* v. *Meem*, 70 N.M. 122, 371 P.2d 235, land conveyed by deed was designated as "Tract 87, Zimmerman's Map, 1904." The map referred to, Zimmerman's Map of 1904, was used continuously by the assessors of Santa Fe County as a means of identifying property for the purposes of taxation. The court held that the description, with the aid of extrinsic evidence, was sufficient to identify the premises involved.

The Achi deed dated January 9, 1946, recited the conveyance of "that certain piece or parcel of land situate at Opihale 2d, portion of Grant 2572, containing 100 acres more or less (Tax Keys: 8-7-14-04 and 8-7-14-05) * * * ." There is in evidence,

plaintiff's exhibit 3, a tax map drawn to scale, dated October 26, 1943, for Opihale 2d, Kaapuna, S. Kona, Hawaii, showing William C. Achi as the owner of two parcels of land designated as Tax Map numbers 8-7-14-04 and 8-7-14-05 for a total of 97.43 acres.

The Bode deed dated August 27, 1945, recited the conveyance of "all of that portion of Royal Patent Grant No. 2572 to Kuhia, situate at Opihale 2nd, South Kona, Hawaii . . . containing an area of 250 acres more or less." The original Royal Patent Grant No. 2572 to Kuhia on May 27, 1859, for 772 acres, was described by metes and bounds. A partition deed on July 20, 1895 granted to (1) S. K. Kaanaana Keliikuli, Bode's predecessor in interest, 350 acres, described as follows: "* * * commencing from mauka and running to the sea shore, on the Kau side, and adjoining the land of Kaapuna * * * " and (2) D. L. Keliikuli, Jr., 350 acres, " * * * commencing from mauka and running to the sea shore, in the center of which land dwelling houses were previously erected, and being the land on the Kau side and adjoining the division of land to S. K. Kaanaana, and on the Kona side, adjoins the division of land to Julia Hulu Keliikuli * * * " and (3) Julia Hulu Keliikuli, 72 acres, "being the land heretofore cultivated and surrounded by a stonewall, on the Kau side, adjoins with the division of land of D. L. Keliikuli, Jr., and on the Kona side, adjoins the land of Opihale 1."

On February 15, 1910, S. K. Kaanaana Keliikuli quitclaimed to D. L. Keliikuli, Jr., by a metes and bounds description all of his right, title and interest in the 350 acres previously granted D. L. Keliikuli, Jr., by the partition deed dated July 20, 1895. The tax map in evidence dated October 26, 1943, shows Adolph Bode and wife Mary, as the owners of two parcels of land in Opihale 2d, Kaapuni, S. Kona, Hawaii, designated as 8-7-14-2 and 8-7-14-3 for a total of 247.75 acres.

The guiding principle in the cases we have cited is that in a constructive adverse possession situation, if the description in a deed is reasonably susceptible to be made definite by extrinsic evidence, then such evidence shall be considered. Although the transcript of plaintiff's case is not before us, the deeds and map

and other exhibits in evidence have been designated as part of the record. The descriptions in appellant's deeds are reasonably susceptible to be made definite by extrinsic evidence. After careful examination of the record before us, we are of the opinion that the trial court should determine whether the descriptions in these deeds have been made definite by extrinsic evidence.

Reversed and remanded for further proceedings consistent with this opinion.

*L. N. Nevels, Jr. (Nevels and Chang* of counsel) for plaintiff-appellant.

*Roy K. Nakamoto (Ushijima and Nakamoto* of counsel) for defendant-appellee Yee Hop, Ltd.