Perry *v*. Perry.

## PERRY *vs.* PERRY.

After a bill filed by a husband against his wife, for a separation, has been taken as confessed, the charges therein are to be taken as true, for the purposes of the suit, so far as relates to alimony, or to an allowance for the expenses of the defence.

The reference to a master, in such a case, is only to satisfy the conscience of the court that there is no collusion between the parties; and not to protect the rights of the defendant. And even if the complainant should fail to establish by legal evidence, the facts charged in the bill, the defendant will not be entitled to a decree for costs, upon a dismissal of the bill, under such circumstances.

Perry v. Perry.

Upon a reference to a master to take proofs in a suit for a separation, where the defendant admits the charges in the bill to be true, either by answer or by suffering the bill to be taken as confessed for want of an answer, such defendant may appear and cross-examine the witnesses of the complainant, and may produce witnesses to disprove the charges in the bill. For the rights of the defendant are the same upon such a reference, where the charges in the bill are all admitted in the answer, as where they are admitted by neglecting to answer.

But where the wife is the defendant, if she attends upon the reference, and cross-examines the complainant's witnesses, such cross-examination must be at her own expense, and not at the expense of her husband. Nor is the master bound to take testimony for the defendant without compensation, in such a case.

THIS was an application, by the defendant, for an allowance to be paid to her by her husband, the complainant, to enable her to examine and cross-examine witnesses before the master ; upon a reference to him to take proofs of the facts and circumstances stated in the bill in this cause. The bill was filed by the husband, against his wife, for a separation from bed and board ; upon the ground of misconduct on her part, which rendered it unsafe for the complainant to live with her. It charged her with various acts of violence and cruelty, not only towards her husband, but also towards her children as well as his. The case first came before the court upon an application for alimony, and for an allowance to defend the suit. And the husband showed that he was allowing to her three dollars a week for her board, she having a sufficient supply of clothing and furniture to furnish her rooms and to clothe herself. Upon that application it also appeared that she had a considerable sum of money, belonging to the complainant, deposited in her own name, or in the names of others for her, in the savings bank ; and she was allowed to draw out and use that money to defray the costs of her defence.

She excepted to the bill for impertinence ; which exceptions were overruled. (*See* 1 *Barb. Ch. Rep.* 516, *S. C.*) And she was required to answer all the charges of misconduct, or the bill was to be taken as confessed against her. She then made another application for money to enable her to make her defence, and for further alimony ; alleging that she had lost the money which she had drawn from the savings bank. The

Perry v. Perry.

complainant consented to an order for the payment of a weekly allowance for her board. But the court being satisfied that her story as to the loss of the money was false, refused the motion for a further allowance for costs; the person with whom she boarded, and others, making affidavit that she had endeavored to persuade them to collude with her to defraud the complainant, by receiving the money for her, and pretending that she had parted with it bona fide. She subsequently suffered the bill to be taken as confessed for want of an answer; and the usual order of reference was made, to a master, to take proof of the facts and circumstances stated in the bill.

The defendant attended before the master upon the examination of the complainant's witnesses, and cross-examined one of them, her own daughter, fourteen days; when her solicitor gave notice to the master that neither he nor his client would pay the master for taking the examination, or the cross-examination, of any witnesses upon the reference. And the master thereupon refused to continue the cross-examination of any of the witnesses, for the benefit of the defendant, unless some one would become responsible for his fees. The defendant's solicitor thereupon made this application, for an order that the complainant pay to her, or her solicitor, a sum of money sufficient to pay the master's fees already incurred, and to defray the further expense of the defendant's testimony, and all other expenses in defending the suit; and for a further allowance for alimony, &c.

*L. Benedict, Jr.* for the defendant.

*J. Rhoades,* for the complainant.

THE CHANCELLOR. Even if the defendant was in a situation to ask for an increase of alimony, or for a further allowance for costs, the papers in opposition to this application show that it would be improper to grant it. It is perfectly evident that the whole story of the defendant as to the loss of the money, drawn from the savings bank, is a fiction. And there

Perry *v.* Perry.

is also reason to fear that some witnesses who have made affidavits in behalf of the defendant, have been suborned to commit perjury in support of this application ; for the mere purpose of wounding the feelings and traducing the character of the complainant. I allude particularly to the affidavits of the persons who have been induced to swear that it was the general report in the neighborhood where the complainant formerly lived, that he killed his first wife by cruel treatment. Independent of the degraded character of the deponents, it is wholly incredible that the complainant should have had the reputation of such cruelty to his first wife, and that her numerous relatives and friends who lived in the same neighborhood should never have heard of it. I have very little doubt, therefore, that the witnesses who have sworn to this general report in the neighborhood, have been induced to swear to what they knew to be false. The affidavits in relation to the depositions of J. B. Rowley and of Margaret Gantz, render it also probable that other depositions may have been obtained in the same way ; and that the deponents have been made to swear to many things which they did not suppose were contained in the ex parte affidavits which purport to have been made by them.

But what is conclusive against this application is the fact that the defendant has suffered the bill to be taken as confessed against her. And for the purposes of this suit, so far as relates to alimony or to an allowance for the expenses of her defence, the charges in the bill are to be taken as true. The reference, therefore, is only to satisfy the conscience of the court that there is no collusion between the parties; and not to protect the rights of the defendant. And even if the complainant should fail to establish by legal evidence, the facts charged in the bill, the defendant will not be entitled to a decree for costs, upon a dismissal of the bill, under such circumstances. It is not sufficient, in this stage of the suit, for the defendant to make an affidavit that all the *material* charges in the bill are false ; without stating what she considers material, and what is immaterial in her view of the case. The proper time to deny the truth of the charges was when she had the right of putting in her

Perry v. Perry.

answer on oath, as she was required to do by the order of the court; if she had any defence to make to the suit. Had she done that, the court would have seen what statements in the bill she meant to swear were false, and what she admitted to be true. And she would have been in a situation to be liable to a prosecution for perjury, if her answer could be proved by two or more competent witnesses to be false in any material part thereof.

Upon a reference of this kind, where the defendant admits the charges in the bill to be true, either by answer or by suffering the bill to be taken as confessed for want of an answer, the court allows the defendant to appear and cross-examine the witnesses produced by the complainant, and to produce witnesses to disprove the charges in the bill, for the mere purpose of eliciting the truth, to aid the conscience of the court; and not for the purpose of protecting any rights of the defendant. For the rights of the defendant are the same upon a reference, where the charges in the bill are all admitted in the answer, as where they are admitted by neglecting to answer. If the defendant, therefore, thinks proper to attend upon the reference and cross-examine the witnesses of the complainant, or to produce evidence on her part, she is at liberty to do so. But it must be at her own expense, and not at the expense of her husband; for, as between the complainant and defendant as parties, she has admitted the charges made against her. And the master is not bound to take the testimony for her without compensation. For these reasons, this application must be denied.

The complainant's counsel ask for an order that the costs be paid by the new solicitor for the defendant, who makes this application for her. But it would be improper to charge him personally with costs, without giving him an opportunity to be heard in reference to the affidavits which are read against him on that motion. The court, however, has the power to charge the costs upon the defendant, who has improperly made this application for the mere purpose of harassing the complainant, and putting him to further expense and costs. The complainant is at liberty, therefore, if he thinks proper to do so, to retain

the taxable costs of opposing this motion, out of the allowance heretofore directed to be paid to the defendant for alimony pending the suit.   There is the more reason for doing this, as it appears that she has kept the money heretofore paid to her for alimony; and has suffered him to be sued for her support.