## KRAUSE VS. KRAUSE.

PRACTICE: *What Supreme Court will review — When facts must be found by circuit judge — Exceptions, when to be taken — Temporary alimony and suit money, pending appeal, in divorce suit*

1. On appeal from a judgment of divorce, where appellant did not answer or appear in the court below, as in other cases, this court cannot act upon any papers outside of the record sent up with the appeal.
2. Nor can this court, in such a case, review the *testimony* taken and reported to the court below by a referee, and made part of the record.
3. Where there is no issue of fact, the judge is not required to file a decision stating separately the facts found by him and his conclusions of law thereon.
4. If such statement were required, it would be too late after judgment to except to the judge's omission to file it.
5. Temporary alimony and suit money will not be granted by the appellate court to enable the appellant from a judgment of divorce to prosecute her appeal, where it appears that the appeal is without merits.

APPEAL from the Circuit Court for *Ozaukee* County.
The case is stated in the opinion.
*Foster & Coe*, for appellant.
*W. A. Pors*, for respondent.

DIXON, C. J. This is an appeal from a judgment of divorce rendered against the defendant in an action in which she neither appeared nor answered. The appeal seems to have been taken principally on the supposition by counsel that the defendant

can be heard in this court on affidavits and other documents to excuse her default, and be let in to defend on the merits; but it is manifest that she cannot be so heard. This court can act only on the record returned to the appeal, which, in cases like this, consists of the summons and complaint, proof of service, and that no answer was received, the report of the referee who took and returned the testimony to the court, and the judgment. Of this record we can examine all except the testimony, to see if any errors have intervened for which the judgment should be reversed. We cannot examine the testimony, because no exception has been taken so as to authorize us to review the facts. Laws of 1860, ch. 264, sec. 16. As no objection is taken to any part of the record which we can examine, we pass to what purports to be an exception taken by the defendant's attorneys, and found at the end of the printed case. The judgment having been entered at the October term of the court, 1866, in January, 1868, the present attorneys for the defendant filed with the clerk a paper, in which, after reciting that no notice of the rendition of the judgment had been served on the defendant, they say that she thereby excepts in writing to the judgment, because the judge before whom the cause was tried did not make a decision in writing before judgment, stating therein separately, 1st. The facts found by him; and 2d. His conclusions of law thereon. This was no valid exception for the purpose intended. To be available, the exception in such cases must be taken at or before the time the judgment is rendered, so as to give the judge an opportunity of correcting the mistake. *Sayre v. Langton,* 7 Wis. 214; *Ogden v. Glidden,* 9 id. 46; *Keep v. Sanderson,* 12 id. 352.

But a stronger reason why the supposed exception amounts to nothing is, that it was not a case in which a finding of facts and conclusions separately was necessary. This is required only upon the trial of an issue of fact, and here was no issue. R. S. ch. 132, §§ 1, 3, 5 and 16; *Hawkes v. Dodge County Mut.*

*Ins. Co.*, 11 Wis. 188.   It follows that the judgment must be affirmed.

*By the Court.* — Judgment affirmed.

DIXON, C. J.   In this case there is also a motion for temporary alimony and suit money, to enable the defendant to prosecute her appeal.   The granting of such motion is not a matter of course in this court; and when application is made, we think we must always look into the record so far as to determine whether the appeal is obviously without merits; and if it is, then the motion will be denied.   This is clearly such an appeal, and we deny the motion.   A like rule prevails in the court of chancery, where, upon a bill filed by the wife against her husband, no allowance for costs or alimony can be made to the wife, if it appears upon the face of her bill that it is improperly filed, and that she can obtain no decree thereon.   Injury and a meritorious cause of action must appear.   *Wood v. Wood*, 2 Paige, 254; *Rose v. Rose*, 11 id. 166; *Worden v. Worden*, 2 Edwards, 387.   And when a bill filed by the husband against the wife has been taken as confessed, the charges therein are to be taken as true, for the purposes of the suit, so far as relates to alimony, or an allowance for the expenses of the defense.   *Perry v. Perry*, 2 Barb. Ch. 285.   In this case, judgment as upon confession has been taken against the defendant, upon a complaint stating a good cause of action for a divorce, which judgment cannot be opened, nor the complaint controverted, in this court.   This may be cited as an additional reason why the motion should be denied.

*By the Court.* — Motion denied.