LEMLY ET AL. v. THE LA GRANGE, IRON AND STEEL COMPANY, PLAINTIFF IN ERROR.

65  545
57a 450

**Mechanic's Lien:** MATERIALS FURNISHED SEVERAL BUILDINGS: DESCRIPTION OF PROPERTY TO BE CHARGED. A claim for a mechanic's lien for materials furnished towards the construction of two buildings described them as "situated on that part of North La Grange * * * known as blocks 3 and 4, owned by" defendant. One of the buildings was erected on block 3, and the other on several of the lots which constituted block 4, and the blocks were separated by a street. *Held*, that the claim was bad for uncertainty—1st, because it failed to show what materials went into each building; 2d, because it failed to show on which block or lots the buildings were respectively situated; and this conclusion is not altered by the fact that the two buildings together constituted one establishment for manufacturing purposes.

*Error to Lewis Circuit Court.*—Hon. E. V. Wilson, Judge.

*Glover & Shepley with Lee & Adams* for plaintiff in error.

*Dryden & Dryden* for defendant in error.

The buildings, though physically disconnected and each on a separate block of ground, were erected at the same time, by one and the same owner, and both designed and essentially necessary for the accomplishment of a common end, to wit: the production of steel rails; neither building would be of any use without the other. We respectfully submit whether this unity of end and design of the buildings ought not to be held a sufficient ground to distinguish the case at bar from *Fitzgerald v. Thomas.*

Sherwood, C. J.—Action to enforce mechanic's lien for material furnished, resulting in judgment for plaintiffs. The case hinges upon the sufficiency of the lien paper filed by them in attempted compliance with the statute. That paper describes the property sought to be charged, as: " One brick building for a rail mill, which is about two hundred and twenty-five feet long, ninety feet wide and twenty-six feet high; also, one brick building for a puddle mill, which is about two hundred feet long, seventy feet wide and twenty-six feet high; which buildings are situated in that part of North LaGrange, in the county of Lewis and State of Missouri, known as blocks numbered three and four, (3 & 4,) owned by the LaGrange Iron and Steel Company, a corporation." The agreed statement of facts show that blocks three and four are separated by Clay street; that the rail mill is built on the former, and the puddle mill on the latter; that these blocks consist of ten lots each, with an alley through the centre; that the rail mill is located on portions of all the lots in block three and extending across the alley, and that the puddle mill is similarly situated on block four, except that not being so long, that mill is not located on two of the northernmost

·lots of that block. It is obvious that from the lien paper it is not possible to determine on what lot or lots or on what block either the rail mill or the puddle mill is situate, nor whether each building is located on both blocks, nor what proportion of the material entered into the construction of each particular building. These are fatal defects. The necessity for certainty in these particulars was fully discussed and passed upon by us heretofore, (*Fitzpatrick v. Thomas,* 61st Mo. 512, and cas. cit.) and we adhere to the conclusion then reached. Nor can we see that the common design, to wit: the production of steel rails, which prompted the erection of both buildings, can at all alter the legal complexion of this. case, or distinguish it in principle from our former adjudicated cases.

Judgment reversed and cause remanded. All concur.
REVERSED.