Boynton vs. Sisson, imp.

---

BOYNTON vs. SISSON, imp.

*November 29 — December 12, 1882.*

FORECLOSURE OF MORTGAGE. *(1) Judgment* in personam *held good as finding of amount due: Appeal from such judgment.*

AMENDMENT OF PLEADING: *(2) After judgment to conform to facts proved.*

1. In a judgment for the foreclosure of mortgages there was, in form, a personal judgment against the defendant, instead of the usual determination of the amount due. This was followed by the usual order for the sale of the premises and for judgment for deficiency. Upon an appeal from the *whole* judgment it is *held:*

    (1) Construed with what follows, the personal judgment was a finding of the amount due and could have no other effect.

    (2) If such personal judgment was error, it could not affect the judgment of foreclosure, and could be reached only by an appeal from it exclusively, as a *part* of the judgment of foreclosure, or as a separate judgment.

2. In an action to foreclose two mortgages the complaint set forth a stipulation to pay an attorney's fee of $50. In the mortgages, as introduced in evidence, were stipulations for fees of $50 and $25, respectively, and the judgment contained an allowance of $75 for such fees. *Held,* that after judgment, the complaint should stand as amended to conform to the facts proved.

APPEAL from the Circuit Court for *Dodge* County.

The facts sufficiently appear from the opinion. The defendant *Sisson* appealed from the judgment.

For the appellant there was a brief by *Eli & C. E. Hooker*, and oral argument by *Mr. Eli Hooker*.

For the respondent there was a brief by *E. M. Beach*, and oral argument by *Geo. E. Sutherland*.

ORTON, J.    This is an action to foreclose two mortgages on the same premises — one given by the defendant and wife to the plaintiff for $450, and the other given to one Elizabeth S. Jones by the same parties, and by her assigned to the plaintiff, for $500; and in the first there was stipulated to be paid an attorney's fee of $25, and in the other an attorney's fee of $50. In the judgment of foreclosure of the mortgages, otherwise regular, there is in form a judgment at common law or *in personam* against the defendant, instead of the usual determination of the sum due; and this is assigned for error. This judgment *in personam* is followed by the usual order of the sale of the mortgaged premises, and for judgment for deficiency on the confirmation of the report of sale. Construed together, the effect of this judgment in form was the determination or finding of the amount due, and it could have no other effect. Forms must give way to substance, and as a judgment it is void, but as a finding of the amount due it is substantially proper; and therefore it is no error for which the judgment of foreclosure ought to be reversed. The appeal is from the whole judgment, and if the judgment *in personam* complained of was error, it could not in any view affect the judgment of foreclosure. To reach such an error, it would seem that the judgment *in personam* complained of as part of the judgment of foreclosure should have been exclusively appealed from as the only part of the judgment of foreclosure, or as a separate judgment *in personam*, complained of. It would certainly have the effect of a finding of the amount due, and this would render the judgment

Buchner vs. The Chicago, Milwaukee & Northwestern R'y Co.

of foreclosure proper and valid, and such an informality could not possibly invalidate the judgment of foreclosure. In any view, the error is not well assigned.

In the judgment of foreclosure of both mortgages there is an allowance of $75 attorney fee; and this is assigned for error, insisting that the complaint states only one fee of $50. But on introducing the two mortgages, the two attorney fees, one of $25 and the other of $50, appeared to have been stipulated. The fee allowed of $75 was therefore found to have been stipulated, and the complaint in respect thereto, after judgment, should stand as amended to conform to the facts proved. Sec. 2830, R. S.

There appears to be no error in the record for which the judgment ought to be reversed.

*By the Court.*— The judgment of the circuit court is affirmed.