## COLE V. CUSTER COUNTY AGRICULTURAL, MINERAL & STOCK ASSOCIATION.

1. A description of property in an account filed, on which a lien is claimed under the mechanic's lien law of this state, as "an office, floral hall, grand stand," etc., located upon premises averred to be in the possession of the defendant, under a contract made when the materials were furnished, and owned by the defendant when the lien was filed, and described as "lying and being in the northeast corner of section 32, township 2 south, range 8 east, Black Hills meridian," is sufficient to identify the property, and to sustain the plaintiff's lien.

2. A description of the property in the judgment, as "lying and being in the northeast corner of section 32, township 2 south, range 8 east, Black Hills meridian, and being known as the 'Fair Association Grounds,' one-fourth mile east of Hermosa, Custer county, Dak.," *held* to be sufficiently definite to identify the property, and pass the title to the purchaser, in case of a sale of the premises to satisfy the lien.

3. The addition in the judgment of the words, "and being known as the 'Fair Association Grounds,' one-fourth mile east of Hermosa, Custer county, Dak.," made by the court to the description given in the account filed, will, in the absence of proof in the record to the contrary, be presumed to have been made upon proper evidence.

4. The judgment for the amount found due the plaintiff in this case, though in the form of a personal judgment, will, in view of the other provisions in the judgment, be held to be only a determination of the amount due the plaintiff, and not a personal judgment.

5. In an action to foreclose a mechanic's lien, when no answer is filed nor issue of fact tried, the court is not required to find the facts or state its conclusions of law before rendering judgment. This court will presume, in the absence of proof in the record to the contrary, that the court heard and considered the necessary evidence to enable it to give judgment.

(Syllabus by the Court. Opinion filed Sept. 7, 1892.)

Appeal from circuit court, Custer county.

Action to establish and foreclose a mechanic's lien. Judgment for plaintiff. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*Chauncey L. Wood* and *Charles J. Buell,* for appellant.

The description of the property in a mechanic's lien must not be vague and indefinite. Section 5476, Comp. Laws; Sedg. & Wait, Trial of Title, § 462; Freeman, Exec. §§ 281, 330; Phil. Mech. Liens, § 380; Bosworth v. Farnholz, 3 Iowa, 87; Head v. Jones, 13 Wis. 718; Inman v. Crawfordsville, 72 Ind. 111; Williams v. Porter, 51 Mo. 442; Lemly v. Lagrange, 65 Mo. 545; Munger v. Greene, 20 Ind. 38; Rankendorf v. Taylor, 4 Pet. 349.

*James W. Fowler, Alfred T. Feay* and *C. J. Patton,* for respondent.

An objection to the description in a mechanic's lien should be made either before or at the trial and not on appeal. Phil. Mech. Liens, § 391; Caldwell v. Ashbury, 29 Ind. 457; Shaw v. Barnes, 5 Pa. 18; Tinker v. Geraghty, 1 E. D. Smith, 687; Derrickson v. Edwards, 5 Dutch, 468.

The land being so described that there could be no mistake as to its identity, though not described in the usual way, or by metes and bounds, is sufficient. Phil. Mech. Liens, § 379, 381; McClentack v. Rush, 63 Pa. 203; Parker v. Bell, 7 Gray, 429; Kelly v. Brown, 20 Pa. 446; Odd Fellows v. Masser, 24 Pa. 507; Patrick v. Smith, 120 Mass. 510; Hotaling v. Cronise, 2 Cal. 60; Tibbitts v. Moore, 23 Cal. 213; Strawn v. Cogswell, 28 Ill. 457; Quackenbush v. Corson, 21 Ill. 48.

Corson, J. This was an action to establish and foreclose a lien for materials furnished under the mechanic's lien law of this state. Judgment was rendered in favor of the plaintiff, and the defendant appeals. The errors assigned are as follows: "First. The court erred in rendering the judgment and decree herein, because the description of the premises upon which the alleged lien was claimed is so vague and indefinite that the pretended lien is void. Second. The court erred in rendering personal judgment against the defendant in this action, because in an action to foreclose a mechanic's lien a personal judgment cannot be rendered. Third. The court erred in rendering the judgment and decree

18—S. D.

herein without testimony of any kind, and without having first made and entered an order overruling the defendant's demurrer. Fourth. The court erred in rendering the judgment and decree herein, because the court did not first make and file its decision in writing. Fifth. The said judgment and decree is against law for all of the reasons aforesaid.

1. The description of the buildings for the construction of which the lumber was furnished, and of the property sought to be charged with the lien, is as follows: "That said materials were furnished for said association * * * for its use and benefit in the erection of an office, floral hall, grand stand, etc., located upon the premises hereinafter described; and affiant further makes oath and says that the said Custer County Agricultural, Mineral & Stock Association was at the time said contract was entered into and said materials furnished in possession of the said premises on contract, and was the owner of the same when said lien was filed, and that said buildings are located on a certain lot of land owned by said Custer County Agricultural, Mineral & Stock Association, of Hermosa, Dak., more fully described as follows: Lying and being in the northeast corner of section 32, township 2 south, range 8 east, Black Hills meridian; and the said Cyrus Cole claims a lien upon said buildings and premises." In the judgment the description is as follows: "That piece or parcel of land lying and being in the northeast corner of section 32, township 2 south, range 8 east, Black Hills meridian, and being known as the 'Fair Association Grounds,' one fourth mile east of Hermosa, Custer County, Dak." These descriptions are, we think, sufficient to identify the property sought to be charged with the lien, and to pass the title of the defendant to the purchaser in case of a sale under the judgment. Such a description as will enable the sheriff to identify and deliver the possession of the property is sufficient. This, we think, could easily be done in this case. In the absence of evidence showing that the defendant had or owned more than one "Fair Association Grounds" in the northeast part of section 32, of township 2 south, range 8 east, there could be no uncertainty as to what property was intended. We have examined the authorities cited by the learned counsel for the appellant,

.as to descriptions of property held insufficient, but we do not think they control this case. In the cases cited there is nothing in the description to identify the property. In Munger v. Green, 20 Ind. 38, the description in the judgment held not sufficient was "one acre, more or less, lying north of, and adjoining the north-west corner of Lixby's addition to the village of Van Buren, in the county of La Grange and state of Indiana;" and in the notice of lien was added that the land "was conveyed to said Green by one Erastus Bartle." In Bosworth v. Farenholz, 3 Iowa, 84, the description held insufficient was "forty feet of lot No. 2, in block No. 2, in Davenport." In Lemly v. La Grange Iron & Steel Co., 65 Mo. 545, the description was held insufficient because it described two buildings situated on two different blocks, with a street separating them; and the court could not determine what material was used in the building in one block, as distinguished from the other. In Head v. James, 13 Wis. 641, the description held insufficient was "north and west part S. E. 1-4, sec. 4, T. 4, R. 12; acres, 50." These cases sufficiently illustrate the class of descriptions held bad by the courts.

The case of Brown v. Gaslight, etc., Co., 16 Wis. 578, (decided by the supreme court of Wisconsin,) strongly supports the contention of the respondent in this case. In that case the number of the lots and block were given, but these were erroneously stated in the petition and complaint, and the plaintiff was allowed to amend. The court held that the amendment was immaterial, as the complaint and petition would have been sufficient without such amendment. The court says: "In the petition for the lien, and in the complaint, the property was described as the several buildings know as the 'Gas Works of the La Crosse City Gaslight & Coke Company.' * * * If a deed had been made conveying this property as the several buildings known as the 'Gas Works of the La Crosse City Gaslight & Coke Company,' can there be a doubt that the property was described with sufficient certainty? Probably not. The description would be deemed adequate and sufficient to pass the title of the real estate upon which the gas works were situated, whatever it might be." The case of Tibbetts v. Moore, 23 Cal. 208, is also in point. In that case the court says:

"The first point urged is that the notice of lien filed by the plaintiff, Tibbetts, does not correctly or sufficiently describe the property sought to be charged with the lien. It is described as a 'quartz mill being at or near the town of Scottsville, in Amadoz county, known as "Moore's New Quartz Mill."' There was no evidence that there was any other quartz mill at that place so designated as to render it uncertain which was intended. The description we deem sufficient to identify the property and uphold the lien." It will be observed that in the latter cases there were other means given of identifying the property than the mere local description of the property. In the one case it was the city gas company's property and works, and in the other it was a quartz mill known by a particular name, situated at or near a certain designated town. In the case at bar it appears from the account filed that the lumber was furnished for and used in the construction of an office, floral hall, grand stand, etc., on grounds owned by the Custer County Agricultural, Mineral & Stock Association of Hermosa, and added to this is the section, township, range, etc., and the particular part of the section. In the judgment the property is still more definitely defined by giving the name of the grounds, and their distance and direction from Hermosa. McCoy v. Quick, 30 Wis. 525; McClintock v. Rush, 63 Pa. St. 203; Strawn v. Cogswell, 28 Ill. 457; Patrick v. Smith, 120 Mass. 510; Caldwell v. Asbury, 29 Ind. 451; Odd Fellows' Hall v. Masser, 24 Pa. St. 507; Parker v. Bell, 7 Gray, 429.

But it is contended by counsel for appellant that the court was not authorized to add to the description in the judgment the words, "and being known as the 'Fair Association Grounds' one fourth mile east of Hermosa, Custer county, Dakota," as there was no evidence given on the trial to warrant the court in making this addition to the description. The learned counsel, in stating there was no evidence given in the case, assumes what does not appear in the abstract. It is true the record does not state that the court heard evidence, but the presumption is, in the absence of anything to the contrary in the record, that evidence was given and received by the court upon this subject. Kent v. Insurance Co., 2 S. D. 300. In that case this court

said:. "When the record is silent as to any fact necessary to support the judgment, the court will presume its existence, in the absence of evidence in the record showing its nonexistence. It is only when the record affirmatively shows error that this court will reverse the judgment." And the statement of the law by the supreme court of California in Caruthers v. Hensley, 27 Pac. Rep. 411, was approved in that case, and is applicable to the case at bar. That court said: "If any matters could have been presented to the court below which would have authorized the entry of this judgment, it will be presumed on this appeal in support of the judgment that such matters were so presented and that the judgment was entered in accordance therewith." If evidence, therefore, was necessary to authorize the court to make the description of the property in the judgment appealed from more definite and certain than in the account filed, this court will presume that the court below had before it the proper evidence.

2. The next error assigned is that the court erred in rendering a personal judgment against the defendant. The counsel for the appellant contend that, as there was no prayer for a personal judgment in the complaint the court was not authorized to enter such a judgment in a case where the defendant had made no answer, even if such a judgment could be entered in a proper case for the foreclosure of a mechanic's lien. Comp. Laws, § 5097. It is true the statement of the amount due is in the form of a personal judgment, but it must be considered in connection with the other provisions in the judgment, in order to determine its character. It contains no direction that execution issue therefor, but the judgment proceeds to declare that it shall be satisfied by a sale of the property on which the lien is claimed. Again, the judgment provides that upon the return of the sheriff a judgment shall be docketed for the balance against the defendant for the deficiency. These various provisions are inconsistent with a personal judgment, and make it, we think, simply a statement of the amount due, and not a "personal judgment," in the sense in which that term is generally used. This was the view taken of a similar judgment in a mechanic's lien case in Wisconsin, in Crocker v. Currier, 65 Wis. 662, 27 N. W. Rep. 825. The court in that case says: "The judgment

commences in the usual form of a personal judgment. It is ordered and adjudged that plaintiffs 'do have and recover of the defendant, John Currier, the said sum of $255.81, with costs.' It is urged that this is a personal judgment in the first instance, which in such actions is unauthorized. An examination of the judgment shows that no execution is awarded for the sum specified, but the judgment proceeds to direct the sale of the property, and provides that, on confirmation of the sheriff's report of sale, if there be a deficiency the plaintiff may have personal judgment therefor and execution. In view of these facts, the portion of the judgment above quoted was not intended to be a personal judgment against defendant for the whole sum found due the plaintiff, but only an assessment of the sum so due, as required by Rev. St. § 3324. A judgment in similar form, in an action to foreclose a mortgage, was so construed by this court in Boynton v. Sisson, 56 Wis. 401, 14 N. W. Rep. 373." Without, therefore, deciding in this case whether or not a personal judgment can be rendered in an action to foreclose a mechanic's lien, we are of the opinion that there was no error in this case in determining the amount due in the form stated in this judgment, as it was necessary to fix the amount in some form.

3. The third assignment of error—that the court erred in rendering the judgment without evidence, and without having first made an order overruling the demurrer—has been perhaps sufficiently noticed under the first assignment of error. This court, in the absence of an affirmative showing by the abstract of error in the proceedings, will presume in favor of the correctness of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken. From an examination of the abstract, it appears that on June 14, 1888, a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was interposed by the defendant, and that on June 18th a notice was given by respondent that on June 30th, at the courthouse at Rapid City, the demurrer would be brought on for argument, and that the plaintiff would apply to the court for judgment on the ground that said demurrer was frivolous. What proceedings were had at Rapid City on June 30th, under

this notice, does not appear. The notice is given in the abstract, but nothing further appears, except substitution of pleadings, in reference to the case, until January 12, 1889, when a judgment was rendered in which are the following recitals: "Whereas, in this action the defendant, the Custer County Agricultural, Mineral & Stock Association, having been regularly served with the summons and complaint herein, and having failed to appear and answer plaintiff's complaint, except to demur thereto, and upon due notice to defendant therefor, said demurrer was brought up for hearing and judgment prayed for thereon, on the ground that said demurrer was frivolous; and upon the hearing of said demurrer the court overruled the same, and directed that judgment issue thereon against the defendant on the ground that said demurrer was frivolous; and it appearing that at the time of filing (overruling) said demurrer no leave was asked to file an answer to the plaintiff's complaint herein, and the legal time for answering having expired, and the default of said defendant having been duly entered according to law, now, at this day, on application of C. J. Patton, attorney for said plaintiff, it is ordered that said judgment be entered herein against said defendant, the Custer County Agricultural, Mineral & Stock Association, by default."

From the recitals it appears that the demurrer was on due notice overruled, and judgment ordered against the defendant, on the ground of the frivolousness of the demurrer. There is nothing in the record presented to this court to contradict or impeach these recitals in the judgment, and hence, for the purposes of this appeal, they must be taken to correctly state the facts. Kent v. Insurance Co., *supra;* Reinig v. Hecht, 58 Wis. 212, 16 N. W. Rep. 548. If a formal order overruling the demurrer and ordering judgment was necessary in this case, under the rule stated we must presume such an order was made. We see no error, therefore, in the proceedings of the court pertaining to the demurrer and motion for judgment appearing upon the record.

4. The last error assigned is the failure of the court to make and file its decision in writing before the entry of judgment. We are of the opinion that no decision in writing was required in this case. Sections 5066-5068, Comp. Laws, are as follow: "Sec.

5066. Upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within thirty days after the cause is submitted for decision, and no judgment shall be rendered or entered until after the filing of such decision. Sec. 5067. In giving the decision, the facts found and the conclusions must be separately stated. Judgment upon the decision must be entered accordingly. Sec. 5068. Findings of fact may be waived by the several parties to an issue of fact (1) by failing to appear at the trial; (2) by consent in writing, filed with the clerk." These sections were evidently designed to apply only to the trials of issues of fact raised by the pleadings, and not to cases in which there are no issues of fact tried. In the latter cases the court is authorized by subdivision 2, § 5025, Comp. Laws, to take proof of the facts, if necessary to enable it to give judgment in the case, but no formal finding need be made. Even when there are issues of fact to be tried, the findings may be waived by a failure of the party to appear at the trial. See section 5068. In this case it appears from the recitals in the judgment that no answer was filed, and therefore no issues of fact could have been raised to be decided by the court. When the taking of proof of the facts may appear to be necessary to enable the court to give judgment, in the absence of proof in the record to the contrary, this court will presume that the requisite proof was made in the case.

The proceedings in Wisconsin, as to the manner of entering judgments when no answer is served, and the provisions requiring the court to find the facts and state its conclusions of law thereon, are substantially the same as those required by our Code. Hence the decisions of the courts of that state upon questions of practice, under these provisions, are in point in this state. In Krause v. Krause, 23 Wis. 354, Chief Justice DIXON, speaking for the court, says: "This is an appeal from the judgment of divorce rendered against the defendant in an action in which she neither appeared nor answered. * * * The present attorneys for defendant filed with the clerk a paper in which * * * they say that she thereby excepts in writing to the judgment, because the judge before whom the cause was tried did not make a decision in writing before judgment stating therein separately

(1) the facts found by him; and (2) his conclusions of law thereon. .* * * But a stronger reason why the supposed exception amounts to nothing is that it was not a case in which a finding of facts and conclusions of law separately was necessary. This is required only upon an issue of fact, and there was no such issue. It follows the judgment must be affirmed." In Potter v. Brown Co., 56 Wis. 272, 14 N. W. Rep. 375, that court, ORTON, J., says: "There was no appearance or answer. There is no bill of exceptions, and, whether the court had any evidence before it or not, we cannot know. But it must be presumed it had, if necessary. But, under the second subdivision of section 2891, Rev. St., no evidence is necessary in such a case, except to enable the court to give judgment. There were no findings of fact, and in such case, when there is no issue, none need be made. Krause v. Krause, 23 Wis. 354. * * * Here there was no issue joined, and, of course, there was no trial, for a trial is the judicial examination of the issues between the parties, etc. Section 2842, Rev. St." Section 5031 of our Code is an exact copy of the section of the Wisconsin statute above referred to. The only difference between the cases cited and the one at bar is that in the former there was no appearance or answer, and in the latter there was an appearance, but no answer. But we apprehend the difference between the cases is quite immaterial, except that when there is an appearance the defendant is entitled to notice of the application for judgment, and this appears to have been given in the case at bar. Our conclusions are that the record fails to disclose any error in the judgment, and that it should, therefore, be affirmed, and it is so ordered. All the judges concurring.